BRUTON, JAMES D., Jr., Associate Judge.
The Plaintiffs, E. O. Polk and wife, Ona Polk, brought an Ejectment Suit against the Defendants, Harvey J. Kelley and wife, Ruth Reeves Kelley, which was heard before the Court, without a jury. The record and well-prepared briefs of counsel have been fully considered, and it appearing that the able Circuit Judge in the Final Judgment made rather complete findings, which findings contain a clear factual representation of the controversy, and the Court in its Judgment having cited appropriate authorities, we consider it appropriate that the Court’s Final Judgment be adopted as our own and quote as f olloSvs:
“The court further finds that defendants and their predecessors in title have since sometime prior to 1920 maintained in continuous and uninterrupted cultivation as an orange grove that strip or parcel of land lying east of a line running north to the northern boundary of the south y$ of Section 13, Township 32 South, Range 27 East, from a certain concrete monument located 14 feet west of the southernmost tree of the westernmost row of trees in defendants’ orange grove the bulk of which is located on the SWj4 of SWj4 of SEj4 of said Section 13, owned by defendants. Defendants’ grove is generally known as the “Plancock Grove” and the row of trees on the disputed strip and the cultivation space to the west of that row of trees have for many years (since sometime prior to 1930), been generally reputed to be a part of the Hancock Grove and to belong to the owner of that grove. The monument described above was shown to both plaintiffs and defendants by their predecessors in title, or their predecessors representative, at the time of their respective purchases, or prior thereto, and represented to be the dividing line between their properties. Until sometime in the 1930’s a fence ran north from the monument described above. Plaintiffs did not have the property surveyed at the time they purchased it because it wasn’t worth the cost of a survey. Until the present dispute arose both plaintiffs and defendants and their predecessors have accepted the line. Defendants and their predecessors in title have since sometime prior to 1920 continuously and without interruption ex *496 ercised all the incidents of ownership over the disputed strip with the intent to claim the right of ownership and possession of the property in dispute. The possession of defendants and their predecessors is, and has been since sometime prior to 1920, actual, open, exclusive, hostile and adverse to the ownership of plaintiffs and their predecessors in title. There is nothing in the evidence to show that possession has not been held in the right of defendants and their predecessors in title or that they did not intend and claim to hold the property in dispute as their own.
“The court concludes, therefore, that even if the land in dispute lies within the description of plaintiff’s property legal title and right to possession of the land in dispute was vested in defendants’ predecessors in title by actual open, notorious, exclusive and hostile adverse possession with intent to claim the property as their own without color of title for a continuous and uninterrupted period in excess of seven (7) years prior to June S, 1939. Plaintiffs’ predecessors in title were divested of any ownership or right of possession at that time. There have been no events or acts subsequent to divesture which would restore title to plaintiffs and they have no right to possession of the land in dispute. Plaintiffs contend that this case is controlled by Lykes Bros. v. Brautcheck, 106 So.2d 582 (Fla.App., Second Dist., 1958). In that case the foreclosure of a tax lien and the issuance of a tax deed subsequent to the perfection of title in the adverse claimants divested the adverse claimants of the title which had been perfected earlier. No such event occurred here. Neither the failure of defendants to pay taxes on the disputed strip or the payment of such taxes by plaintiffs who are out of possession are sufficient as a matter of law to divest defendants or their predecessors of title. The cases of Blackburn v. Florida West Coast Land & Development Company, 109 So.2d 413 (Fla.App., Second Dist., 1959) and Kiser v. Ploward, 133 So.2d 746 (Fla.App., First Dist., 1961) also relied on by plaintiffs hinged on whether the adverse claimants had color of title to the disputed strips of land under § 95.17(2), F.S.1963 because the strips in dispute wei'e enclosed with property to which the claimant possessed color of title. Such cases are irrelevant to this case.
“The court has found and concluded that title to the land in dispute was vested in defendants’ predecessors by adverse possession without color of title prior to June 5, 1939 and that there have been no subsequent acts which would return title to plaintiffs.”
We agree that the plaintiffs failed to carry the burden of proving that the defendants should be ejected from the disputed strip of land and hold that the Circuit Judge was eminently correct and is therefore affirmed.
SHANNON, Acting C. J, and HOB-SON, J., concur.