LILES, Judge.
The personalities and their relative positions in this legal drama are as follows: Cora Robinson, Elizabeth Spann, Johnny Grant and William Grant are the children and legal heirs of Jencie McCoy, now deceased. They are the plaintiff-appellants in this suit to quiet title. Their father, Charlie Grant, died in 1919, and Jencie thereafter married Albertus McCoy. Jen-cie died intestate in 1935, after which the plaintiffs and Albertus continued to reside on the premises of the disputed real property in Dunedin, Florida. On an unspecified date during World War II, Lena McCoy began residing on the premises as the wife of Albertus McCoy. Albertus died in 1961, and Lena is still living.
Plaintiffs allege that on an undetermined date in approximately 1921, Jencie and one L. B. Skinner entered into an oral contract for the purchase of the disputed real property. Jencie allegedly made payments and entered into possession of the prop *543 erty, which had two small dwelling houses upon it. Apparently, no deed was ever received or recorded by Jencie, but plaintiffs allege that Jencie, Albertus and plaintiffs have been in continuous actual possession of the property since approximately 1921; that their possession has been open, notorious, hostile, exclusive and adverse to defendants; and that the property has been improved, enclosed and cultivated.
A title search covering the period 1912 to March 19, 1969, revealed the following relevant transactions concerning the disputed property: (1) Warranty deed by L. B. Skinner and his wife to Randall Chase on July 14, 1933, recorded July 26, 1933; (2) On July 17, 1933, “fee simple” deed from Randall Chase to F. L. Skinner, son of L. B. Skinner, recorded January 29, 1934; (3) on January 18, 1967, a quitclaim deed was recorded from Lena McCoy to F. L. Skinner, and at the same time, there was recorded a “fee simple” deed purporting to covey the property from F. L. and Susan B. Skinner to the defendant, John Holmes. Plaintiffs concede that L. B. Skinner owned the property at the time Jencie McCoy took possession in the early 1920’s.
In response to defendant-appellees’ motion for summary judgment based on no genuine issue as to any material fact, the trial court declared defendants the fee simple and absolute owners of the disputed property; set aside all of plaintiffs’ right, title or interest in the property; and forever enjoined plaintiffs from claiming any interest in the property. The stated rationale of the final summary judgment was that “the equities of this cause are with the defendants.” One of the grounds asserted in plaintiffs’ denied motion for rehearing was the existence of a question of fact whether title inures to plaintiffs under the theory of adverse possession without color of title. We agree and reverse.
Florida law places a stringent requirement on persons asserting title by adverse possession under a “claim” of title not founded upon a written instrument.[1] In addition to the seven years of continued occupation, the claimant must have within one year of entry onto the land made a return to the proper county tax assessor and have paid each assessment during the seven years before the taxes become delinquent. Additionally, “possession and occupation” without color of title is defined to include tax return within one year of entry and timely tax payment during each year.[2] In the present case, a tax search back to 1944 revealed no pattern of consistency. The record contains no information on taxes prior to 1944. From 1944 to 1948, they were partly paid by F. L. Skinner and partly by Albertus McCoy; in 1962-63 and in 1965, by Lena McCoy; in 1964 and 1966 by one Richard James McCoy; in 1967-68 by defendant, John Holmes.
In 1921, when Jencie’s possession allegedly began, Florida law on adverse possession without color of title required only seven years continued possession plus protection by substantial enclosure or usual cultivation or improvement.[3] The tax requirement did not become effective until *544 June 5, 1939.[4] Our decision in Polk v. Kelley, Fla.App.1966, 184 So.2d 494, controls the disposition of this case. Plaintiffs should be given an opportunity to prove that title to the disputed property vested in Jencie McCoy under the statute in effect prior to June 5, 1939, and that nothing has since occurred to divest plaintiffs of title.
Reversed and remanded for proceedings consistent with this opinion.
HOBSON, C. J., and MANN, J., concur.

. Florida Statute § 95.18 (1967), F.S.A.

. Florida Statute § 95.19 (1967), F.S.A.

. Eev.6en.Stat. § 2936 (1920): 1. “To Be Land in Actual Occupation Only.— Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely.
2. Definition of Occupation and Possession Required. — For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment or decree, land shall be deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by substantial enclosure; or, 2. where it has been usually cultivated or improved.”

. Laws of 1939, Oh. 19254 §§ 1-2.