RYDER, Judge.
Ronald A. Cornette appeals from the order denying his petition to set aside real property as homestead. We hold that there was no competent substantial evidence to support the denial and we reverse.
Appellant filed a complaint seeking to set aside real property as homestead and to enjoin levy of execution thereon. At trial, appellant testified that he moved to Manatee County in 1971 and was thereafter joined by his mother, Esther Vandeurzen. Mrs. Vandeurzen had no source of income and was dependent upon appellant for support. In 1973, appellant and his wife Jane purchased the property claimed as homestead in this action, a condominium apartment. Appellant and his wife moved into the condominium and Mrs. Vandeurzen moved into an apartment in Bayshore Gardens complex. Appellant remained the sole means of support of his mother.
The judgments of appellees resulted from loans to appellant’s music business and were recorded against appellant in 1974 and 1975. In 1976, Jane filed for divorce and appellant bought out her interest in the condominium. Appellant testified that he and his mother moved into the condominium the day after Jane moved out. However, Mrs. Vandeur-zen continued to lease the apartment at Bayshore Gardens. Appellant and his mother lived together in the condominium until appellant married his present wife, Ruth, in July 1978. Mrs. Vandeurzen would visit friends at her apartment and was able to sublet it for various times.
Donna Lucas, a neighbor of appellant, Sue Frolick, another neighbor, and Robert J. Borwitz all testified that appellant’s mother was living with him in the condominium during the time between appellant’s marriages. An employee of Florida Power & Light Company testified that the power bills at Mrs. Vandeurzen’s apartment for this period were essentially the same as the period the year before. An employe of General Telephone testified that long distance calls were charged to the apartment of Mrs. Vandeurzen during the period when she lived with appellant. The court entered judgment in favor of appellees and denied the relief sought.
Appellees do not suggest that the property was not homestead during appellant’s marriages, or that homestead status did not exist during the remaining period if appellant supported his mother residing with him. See Hill v. First National Bank of Marianna, 73 Fla. 1092, 75 So. 614 (1917). The issue addressed below and on appeal was whether Mrs. Vandeurzen actually resided with appellant. The judge below im *569 pliedly found that appellant failed to establish this.
The uncontradicted testimony of all witnesses was that Mrs. Vandeurzen lived with appellant. This included the testimony of two neighbors. We hold that the uncontradicted testimony of at least two disinterested parties cannot be ignored without reason. Hill v. Parks, 373 So.2d 376 (Fla.2d DCA 1979); Edwards v. Hardin Properties, Inc., 313 So.2d 82 (Fla.2d DCA 1975). Appellees relied on the fact that electricity was used and long distance phone calls were occasionally made from the other apartment during periods it was not subleased. This need not be inconsistent with Mrs. Vandeurzen’s residence with appellant, since she testified to visiting the apartment. The inference that she resided in the apartment is too remote to provide evidentiary weight of competent substantial evidence to support the lower court’s ruling.
The order below is REVERSED and the case REMANDED for entry of an order finding the property to be homestead, and further consistent proceedings.
SCHEB, C. J., and GRIMES, J., concur.