[Civ. No. 34141. First Dist., Div. Two. July 3, 1975.]

ROBERT W. KENT et al., Plaintiffs and Appellants, v.
WILLIAM A. BARTLETT, Defendant and Respondent.

**COUNSEL**

George F. Jansen for Plaintiffs and Appellants.

Robert O. Wilhelm for Defendant and Respondent.

**OPINION**

**ROUSE, J.**—Plaintiffs Robert and Theresa Kent brought this action against defendant William Bartlett to recover damages allegedly occa-

sioned by his negligence in making a survey of certain real property.

Defendant, by way of answer, denied the charging allegations of the complaint and asserted that plaintiffs had failed to state a cause of action because it was not alleged that there was any privity of contract between plaintiffs and defendant. Defendant also raised the affirmative defenses of contributory negligence and assumption of the risk.

When the case came on for trial, defendant moved to exclude all evidence pertaining to the terms of the contract under which defendant had made the survey. Defendant took the position that plaintiffs had pleaded a cause of action based solely upon negligence and that since there was no privity of contract between plaintiffs and defendant, plaintiffs were not entitled to prove their case by showing that defendant had performed the survey in such a manner as to breach a contract with the party who had hired him to make the survey. Defendant argued that evidence of the terms of said contract was totally irrelevant and that plaintiffs were required to prove their case by establishing defendant's negligence independent of the terms of any contract which existed between defendant and a third party.

The trial court reserved its ruling on the motion, and the parties proceeded to select a jury. Plaintiffs' counsel then gave an opening statement in which he indicated that he intended to prove the following facts: In 1970, an individual named Wisehart hired defendant Bartlett to make a survey of certain real property and divide the property into two separate parcels. A house, retaining wall and driveway had already been constructed on the northerly portion of the property. When Mr. Wisehart hired defendant to make the survey, he told him that he wanted the property divided in such a manner that the house, retaining wall and driveway would be contained on one parcel (Parcel 12-A) and the other parcel (Parcel 12-B) would consist of a vacant lot. Mr. Wisehart died while the survey was being made. Defendant completed the survey for the executor of Wisehart's estate, and defendant filed and recorded a survey map dividing the property into two parcels. However, defendant had made an error in his survey and had not divided the property so that all the improvements were located on Parcel 12-A. Defendant's division of the property resulted in part of the retaining wall and driveway being located on Parcel 12-B.

In January 1971, plaintiffs purchased the entire piece of property from Wisehart's estate. Plaintiffs, who had been informed that the property

had been divided into two separate parcels, moved into the house located on Parcel 12-A. In October 1971, plaintiffs entered into a contract to sell Parcel 12-A to an individual named Hunter, and in November 1971, plaintiffs entered into a contract to sell Parcel 12-B to an individual named Hayashi.

After the two contracts of sale had been executed, Hayashi's contractor began preparations for the construction of a house which had been designed for location on Parcel 12-B. He discovered that there had been an error in the survey and that due to the encroachment of the retaining wall and driveway on Hayashi's parcel, it was not possible to construct the house that had been designed for Parcel 12-B.

Plaintiffs then entered into negotiations with Hayashi in an attempt to solve the problem. Plaintiffs explored the possibility of moving the encroaching portion of the retaining wall and driveway, but it developed that this solution would entail an expenditure of $10,000. It was ultimately agreed by Hayashi that if plaintiffs would pay him $5,000, he would allow the retaining wall and driveway to remain where they were and would grant Hunter an easement covering the encroachment. Plaintiffs paid the $5,000 to Hayashi, paid the attorney's fees necessary for the creation of the easement and also paid for the removal of a fence which encroached on the Hayashi property. In addition, plaintiff Robert Kent lost considerable time from his employment while negotiating this agreement with Hayashi. Plaintiffs sought to recover all these items as damages proximately caused by defendant Bartlett's negligent survey.

At the conclusion of plaintiffs' opening statement, defendant moved for judgment, contending that proof of all the facts stated by plaintiffs' counsel still would not create a cause of action against defendant. The matter was argued outside the presence of the jury, and the trial court initially ruled that it would grant defendant's prior motion to exclude all evidence of the terms of the contract between defendant Bartlett and Mr. Wisehart, but that it would not grant judgment for defendant based upon plaintiffs' opening statement. Further argument then took place, and it became apparent that plaintiffs' entire case rested upon defendant's negligent failure to perform the survey in accordance with the terms of his contract with Wisehart. Defendant then renewed his motion for judgment based upon plaintiffs' opening statement, and the trial court granted the motion, expressing the view that since there was no privity of contract between plaintiffs and defendant, defendant's negligent perfor-

mance of his contract with Wisehart did not render him liable to plaintiffs.

Judgment was entered that plaintiffs take nothing by their complaint. Plaintiffs filed notice of appeal therefrom.

■ The leading California case dealing with the right of a plaintiff to recover damages for the defendant's negligent performance of a contract with a third party is *Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358]. In that case, the plaintiff's brother had employed the defendant to prepare a will bequeathing all his property to the plaintiff. The defendant negligently failed to have the will properly attested, and after the death of the brother, the will was declared invalid and denied probate. The trial court awarded the plaintiff damages against the defendant, and our Supreme Court affirmed the judgment, holding that the absence of privity of contract between the plaintiff and the defendant did not defeat the action. The court expressly disapproved *Buckley* v. *Gray* (1895) 110 Cal. 339 [42 P. 900] and *Mickel* v. *Murphy* (1957) 147 Cal.App.2d 718 [305 P.2d 993], insofar as those cases held that the absence of privity barred an action for the negligent performance of a contract.

The court in the *Biakanja* case laid down the following guidelines to be followed in future cases: "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." (P. 650.)

Neither of the parties has cited any California case directly holding that the negligent performance of a contract to make a survey does or does not create a cause of action in favor of a third party under the rule laid down in the *Biakanja* case. Defendant relies upon *Bilich* v. *Barnett* (1951) 103 Cal.App.2d Supp. 921 [229 P.2d 492], as authority for the proposition that the negligent performance of a contract to make a survey does not create liability in favor of a third party. It suffices to point out, however, that the *Bilich* case was decided several years prior to

the *Biakanja* case and merely applied the rule of *Buckley* v. *Gray, supra,* which was disapproved in *Biakanja.*

The only California case which was decided subsequent to *Biakanja* and which involved an action by a third party based upon negligent performance of a contract to make a survey is *Ramirez* v. *Mookini* (1962) 207 Cal.App.2d 42 [24 Cal.Rptr. 354]. However, the *Ramirez* court found it unnecessary to determine whether a cause of action was stated under the *Biakanja* guidelines and found another basis for upholding the judgment in favor of the surveyor. Although the court did refer to *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685], a case following and reaffirming the *Biakanja* rule, the court confined itself to stating that "the rule cited in *Lucas* v. *Hamm* . . . may have some bearing on the question, but it is not necessarily applicable." (P. 52.) The *Ramirez* court then went on to affirm the judgment in favor of the surveyor on the ground that there was evidentiary support for the trial court's finding that the surveyor's negligence was not the direct or proximate cause of any damages to the plaintiffs.

Although there is no California case directly in point, plaintiffs have cited the Illinois case of *Rozny* v. *Marnul* (1969) 43 Ill.2d 54 [250 N.E.2d 656, 35 A.L.R.3d 487]. In that case, the defendant made a survey under a contract with a real estate developer. The defendant guaranteed the accuracy of his survey, but it was in fact negligently performed. The plaintiffs subsequently acquired a lot surveyed by the defendant and, in reliance upon the survey, constructed a driveway and garage. When the plaintiffs discovered that these improvements encroached onto the adjacent lot, they brought suit against the defendant. The Supreme Court of Illinois rejected the defendant's contention that the absence of privity of contract barred the action, and held that the defendant was liable to plaintiffs for the negligent misrepresentations contained in the survey plat. The court stated, "it seems to us the fortuitous circumstance that the ultimate loss resulting from the faulty survey fell upon one other than the person for whom the survey was made should not absolve defendant from responding in damages. The situation is not one fraught with such an overwhelming potential liability as to dictate a contrary result, for the class of persons who might foreseeably use this plat is rather narrowly limited, if not exclusively so, to those who deal with the surveyed property as purchasers or lenders. Injury will ordinarily occur only once and to the one person then owning the lot." (P. 662.)

The court enumerated several factors which it considered relevant to its holding. Among these factors were the defendant's knowledge that the survey plat would be used and relied upon by others than the person ordering it, including the plaintiffs; the fact that potential liability would be restricted to a comparatively small group and that ordinarily, only one member of that group would suffer loss; the undesirability of requiring an innocent reliant party to carry the burden of a surveyor's professional mistake; and the fact that recovery by a reliant user whose ultimate use was foreseeable would promote cautionary techniques among surveyors. (P. 663.)

The *Rozny* case is distinguishable from the instant case in one respect, in that the surveyor in that case guaranteed the accuracy of his survey, whereas the plaintiffs in this case make no such claim. However, this distinction would not appear to be of controlling significance in view of the fact that all of the other factors enumerated by the *Rozny* court apply equally in the instant case.

It is interesting to note that the court in the *Rozny* case cited with approval and relied upon the California case of *M. Miller Co.* v. *Dames & Moore* (1961) 198 Cal.App.2d 305 [18 Cal.Rptr. 13], which was decided by this court. In that case, the defendant, a firm of soil engineers, was employed by a sanitary district and a firm of civil engineers to conduct soil tests in the area where an outfall sewer system was to be constructed. The defendant allegedly performed the tests in a negligent manner so that its soil report failed to disclose unstable material beneath the construction site. The soil report was made available to contractors bidding on the construction project, and the plaintiff, in reliance on the report, submitted a bid to install pipe which was lower than the actual cost of installing the pipe. The plaintiff's bid was accepted by the sanitary district, and the plaintiff thereby became bound to install the pipe at a cost to it which was some $900,000 higher than the amount it was to be paid for performance of the contract. The plaintiff therefore brought suit against the defendant, based on its negligent preparation of the soil report, but the trial court granted summary judgment for the defendant on the ground, among others, that there was no privity of contract between the plaintiff and the defendant. We reversed the judgment for the defendant and held that if the defendant knew that its soil report was to be used by prospective bidders such as the plaintiff, a jury could properly find that the *Biakanja* rule applied, in that the transaction was intended to affect the plaintiff, harm to the plaintiff was

readily foreseeable and the plaintiff's injury was the direct result of the defendant's negligence.

The reasoning of the *Rozny* and *Miller* cases would appear equally applicable to the factual situation here before us. When defendant prepared his survey, he could reasonably anticipate that it would be used and relied upon by persons such as plaintiffs, who purchased the property surveyed by defendant. Thus, a jury could properly have found that the case met the requirements of the *Biakanja* rule and the trial court therefore should not have granted judgment for defendant at the conclusion of plaintiffs' opening statement.

It may be noted that defendant has made some attempt to contend that he was not negligent in making the survey, that plaintiffs' own negligence was a superseding cause and that the damages sustained by plaintiffs were not the proximate result of any negligence on the part of defendant. These questions are factual ones which cannot be resolved solely on the basis of plaintiffs' opening statement.

The judgment is reversed and the cause remanded for proceedings consistent with the views expressed herein.

Taylor, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.