[Civ. No. 14178. Fourth Dist., Div. One. Sept. 26, 1975.]

JAMES F. BELL et al., Plaintiffs and Appellants, v.
ANGELO RENALDO et al., Defendants and Respondents.

COUNSEL

Jones, Hatfield, Penfield & Garrett and Clinton F. Jones for Plaintiffs and Appellants.

Graham K. Fleming, Henry P. Johnson and James W. Talley for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—James F. Bell and Peter Collins, plaintiffs, appeal a judgment of dismissal after demurrers to their second amended complaint were sustained without leave to amend as to defendants Harry and Shirley H. Houtman and Angelo and Celia J. Renaldo. No demurrers were filed by defendants Michael and Edith Gosack and they are not involved in this appeal.

In substance, the complaint alleged: The Houtmans owned an acre of land which they divided into three lots according to the provisions of a county lot split ordinance. The lots had no access to public sewers and had a subsurface water problem preventing installation of septic tanks. Despite this condition, in 1964 the Houtmans were able to obtain county approval of their "proposed division of land," on which it was noted the sites were suitable for dwellings served by septic tanks.

In 1971 the Houtmans conveyed two lots to the Renaldos, and expressly warranted each lot was a suitable building site. Part of the warranty was a copy of the "proposed division of land."

The Renaldos applied for building permits which the county refused, because septic tanks could not be installed on the lots. In 1972, repeating the Houtman warranties, the Renaldos sold the two lots to the Gosacks.

The Gosacks soon discovered the sewerage problem, and making the same warranties as the preceding grantors, sold the lots to plaintiffs Bell and Collins.

Bell and Collins sought rescission against the Gosacks and damages against all the defendants.

Under a theory of express warranty, Bell and Collins contend the Houtmans and Renaldos are liable to them without privity.

■ A person uttering misrepresentations is liable only to those in whom he intended to induce reliance (*Cohen* v. *Citizens Nat. Trust etc. Bank,* 143 Cal.App.2d 480, 484 [300 P.2d 14]). Nothing in the record indicates the Houtmans or Renaldos knew or intended the Gosacks, acting independently of their grantors, would repeat the misrepresentations to Bell and Collins. The warranties made by the Houtmans to the Renaldos and by the Renaldos to the Gosacks were personal to their immediate grantees, and were not like covenants running with the land. The Gosacks were not compelled to repeat them, since legitimate alternatives were available, such as finding another use of the land, reselling with honest representations, absorbing the loss or seeking recovery from the Renaldos.

In an attempt to circumvent the requirement of privity, Bell and Collins cite *Kent* v. *Bartlett,* 49 Cal.App.3d 724 [122 Cal.Rptr. 615], in which a defendant surveyor of the grantor's land had negligently

mislocated a boundary line. Plaintiff grantee was allowed recovery against the surveyor without privity. We distinguish that decision: In *Kent,* there was a direct causal relation between defendant's affirmative act of surveying, and plaintiff's injury, whereas the Houtmans and Renaldos did nothing to create the defect in the transferred lots. Moreover, if the Gosacks were aware of the sewerage problem, as Bell and Collins allege, then they were far more blameworthy than the apparently innocent grantor in *Kent.*

Bell and Collins also try to apply the more flexible privity rules of products liability, as enunciated in *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049], and its progeny, to a land transfer. The contrasting circumstances surrounding the purchase of a defectively manufactured product, as opposed to an unimproved lot, partially account for the divergent principles of law governing the two areas. In real estate sales such as this, the concept of privity has not been abandoned. The parties, beginning with Bell and Collins, have their remedies against their immediate grantors.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.