DAUKSCH, Chief Judge.
This is an appeal of final judgment which found that appellants had failed to meet the requisite burden of proof to prove adverse possession. We find that there was clear and convincing proof that appellants adversely possessed that portion of the disputed parcel of property south of a line described by appellee’s witness, Mr. Feasel. Therefore we reverse the final judgment and remand the cause to the trial court.
A pre-emptive acquisition of rights in real property owned by another is not favored in the law and the acquisition of such rights is legally restricted. Downing v. Bird, 100 So.2d 57 (Fla.1958). However, where an occupant of property under color of title openly and notoriously is in continuous actual possession of property in opposition to the rights of the true owner for a period greater than seven years, then he is holding the property adversely. Section 95.16, Fla.Stat. (1972). Such adverse possession of real property causes real title of the property to vest in the possessor and *292 his successors. Downing v. Bird; Osceola Fertilizer v. Beville, 86 Fla. 479, 98 So. 354 (1923). A party may adversely possess less than the total property described in his document of title.
Appellants claim title to a small triangular parcel of property adjacent to Lake Winnemissett, as shown on the drawing.

*293 This claim is based upon a 1935 deed[1] and the adverse possession of this parcel by the Dooleys, the previous owners of appellants’ property, from 1948 through 1961. Mrs. Dooley testified that her family had used the disputed parcel continuously from 1948 through 1961; that her family put up “no trespassing” signs to keep off all other persons; that members of her family were the only persons using the disputed parcel during these years and that her family did not get along with and stayed away from the neighbors who owned the disputed parcel by reason of superior record title. This testimony shows that the Dooleys made open and notorious use of the parcel for the requisite time period to the exclusion of others. This use was also hostile because it was inconsistent with and contrary to the use and rights of the owners of the property. Downing v. Bird; Porter v. Lorene Investment Company, 297 So.2d 622 (Fla. 1st DCA 1974).
Mr. Feasel, a resident of the neighborhood since his birth in 1922, testified for the defense. He agreed that the Dooleys had continuously maintained part of the disputed property, but placed the boundary as being “a line roughly perpendicular to the hypotenuse of that triangle ...” created by the intersection of Lake Charles Road and Lake Winnemissett Drive. Mr. Feasel stated that the record owner never used the property south of this line; it was maintained and used by the Dooleys.
Thus this record shows that all of the evidence presented to the trial court showed adverse possession of the southern portion of the disputed parcel under color of title. Even though the trier of fact was able to evaluate the credibility of the witnesses, the uncontradicted sworn testimony cannot be ignored in this case where the key and only witness for the defense having personal knowledge of the disputed parcel generally agreed that part of this parcel was adversely held. See Edwards v. Hardin Properties, Inc., 313 So.2d 82 (Fla. 2d DCA 1975).
The judgment is reversed and remanded to the trial court for entry of a judgment for appellants establishing title by adverse possession of that portion of the disputed property south of the line established by Mr. Feasel.
REVERSED AND REMANDED.
ORFINGER, J., and EVANS, VERNON W., Jr., Associate Judge, concur.

. It is by this deed color of title was established at trial.