PER CURIAM.
Plaintiff appeals a final summary judgment in favor of a defendant/supermarket in a suit for damages growing out of an assault and purse snatching in the parking lot of the defendant’s store. In support of its motion for summary judgment, the defendant filed affidavits that its manager and employees were unaware of any similar event occurring in its parking lot. The plaintiff filed an affidavit to the effect that several similar incidents had occurred in the same parking lot prior to the event in question.
This Court has recently discussed the issues of liability to invitees for the criminal acts of third persons. . See Highlands Insurance Company v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981) and Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980). We conclude that in the instant case an unresolved issue of fact remained as to whether the defendant store should have known of the prior similar events in its parking lot and whether this prior knowledge gave rise to a duty to warn the plaintiff. In reaching this conclusion we caution that we are not called upon to rule on the validity or extent of the basic cause of action stated in the complaint. We hold only that a fact issue existed under the pleadings as they appeared at the time of the motion for summary judgment. It may be that plaintiff will be unable to prove the case at trial and that a *452 directed verdict will be entered. Summary judgment was, however, not appropriate and the judgment for defendant below is reversed and the matter remanded for further proceedings.
ANSTEAD, BERANEK and HERSEY, JJ., concur.