62592. HUTCHINSON v. DUBEAU et al.

Banke, Judge.

The plaintiff sued to recover damages which she allegedly sustained when she purchased a tract of real estate in reliance upon an inaccurate plat prepared by the defendant, J. F. Dubeau, a registered surveyor. Also named as a defendant is Holland, Dubeau & Associates, Inc., an engineering and surveying firm for which Dubeau works. This appeal is from an order granting summary judgment to the defendants as to four of the five counts in the complaint, apparently based on the absence of contractual privity between the parties.

Dubeau was employed to prepare the plat not by the plaintiff but by the plaintiff's predecessor in title, who subsequently sold the land to the plaintiff. Dubeau testified in his deposition that the owner had requested the survey for the specific purpose of resolving a dispute regarding the southern boundary lines and that he (Dubeau) had no knowledge at the time that a sale was contemplated. He further testified that he had used a pre-existing plat furnished to him by the owner as a reference for depicting the remaining boundary lines, stating that since his survey verified the correctness of the southern boundaries as shown on that plat, he had no reason to believe it to be in error in any respect. However, because certain boundaries depicted in the pre-existing plat but not involved in his limited survey were in fact in error, his plat was in error to the same extent. The document bears on its face the following certification, signed by Dubeau: "I certify that this plat was drawn from data obtained by a field survey and is a true representation of the conditions as they existed on [the date of preparation]." The plaintiff contends that this certification renders the defendants liable to her in tort, despite the fact that she was not in privity of contract with them. *Held:*

There is authority under general tort principles for holding a professional surveyor liable to third persons with whom he is not in privity for negligent misrepresentations appearing in a plat, provided that the surveyor knew or should have known that such third persons would use and rely upon the plat in subsequent transactions involving the property. See Rozny v. Marnul, 43 Ill. 2d 54 (250 NE2d 656, 35 ALR3d 487) (1969); Tartera v. Palumbo, 453 SW2d 780 (Tenn., 1970); Restatement of Torts, 2d, § 552 (American Law Institute, 1965). We need not adopt such a rule to resolve this case, however, as Code Ann. § 84-2121 (Ga. L. 1976, pp. 1048, 1064) imposes the following statutory obligations and liabilities upon registered professional engineers and land surveyors practicing in this state: "Plans, specifications, plats, and reports issued by a registrant shall be stamped or sealed and countersigned by the registrant . . . No plans, specifications, plats, or reports shall be stamped with the seal of a registrant unless (i) such registrant has personally performed the engineering or land surveying work involved, or (ii) when the registrant has not personally performed the engineering or land surveying work reflected in any plan, specification, plat or report, such registrant has affixed his seal thereto only after he has reviewed the work embodied in such plan, specification, plat, or report and has satisfied himself completely that such work is accurate. No registrant shall affix his seal to any plan, specification, plat or report unless he has assumed the responsibility for the accuracy of the work involved. Any registrant who has affixed his seal to any plan, specification, plat, or report prepared by another without having first reviewed the same, shall be deemed to have committed a fraudulent act of misconduct in the practice of professional engineering or land surveying." As indicated previously, Dubeau is a registered professional surveyor. He not only affixed his official seal to the plat, as he was required to do, but also certified its accuracy in plain English. Under the statute, he was responsible to the public for the accuracy of the surveying work reflected therein, and he may accordingly be held liable to purchasers damaged by reasonable reliance upon the plat. Whether the plaintiff's reliance in this case was reasonable, or whether the plat adequately reflected the limited nature of the survey which was actually conducted, are issues to be determined by a jury. The order granting summary judgment to the defendants is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 11, 1982 —
REHEARING DENIED JANUARY 26, 1982.

■ ■ ■

■

*Arnold Hammack,* for appellant.
*Alfred N. Corriere,* for appellees.