COWART, Judge.
This case involves the liability of an abstracter to one other than the original purchaser of the abstract who purchases land in reliance on the abstract and incurs damages by reason of a negligent omission from the abstract.
The original 1898 plat of survey for a land subdivision by Lake Winnemissett Land Improvement Company subdivided all of the north half of the northwest quarter of the northwest quarter, Section 13, Township 17 South, Range 30 East, of Volusia County, Florida, that did not lie in Lake Winnemissett (or Lake Charles) into six lots numbered 22 through 27 and access roads. Lots 25 and 26 are located on the plat in the following relationship to each other:

The plat shows the width of both lots as 2.5 chains or 165 feet and the length of Lot 25 as 9.95 chains or 656.7 feet. The plat shows no dimensions as to the north-south length of Lot 26.
*282 In 1921 Lot 25 and Lots 22 through 24 (which lie west of Lot 25) were further subdivided (Fuller’s Redivision) into lots the relevant portions appearing as follows:

Thereafter a chain of title developed leading into Jesse Birtley and wife. The seven deeds in Birtley’s chain of title described by metes and bounds lands located at the east end of Lots A and B of Fuller’s Redivision (being a part of old Lot 25) then read,
together with all land East of and adjoining to above described property between the North and South lines extended to Lake Winnemissett, reserving only the road on the East side of said described property...
In the meantime the record title to the southerly part of the west 106 feet of Lot 26 of the original subdivision passed to the appellant Fernandez Co.
Birtley brought a quiet title action against Fernandez Co. which resulted in a holding that Birtley had established title by adverse possession under color of title to lands in Lot 26 to which Fernandez Co. had superior record title. Birtley v. Fernandez Co., 392 So.2d 291 (Fla. 5th DCA 1980). The color of title were the deeds to Birtley contained in the above description.
In the Birtley v. Fernandez Co. quiet title action appellant Fernandez Co. filed a third party complaint against his grantors and two abstract companies which had prepared abstracts relied on by Fernandez Co. when it acquired title in 1977. Those abstracts did not show the seven deeds comprising Birtley’s chain of title which constituted the color of title under which Birtley’s adverse possession prevailed over the record title of Fernandez Co.
The trial court held the omission of the seven deeds from the abstracts did not constitute actionable negligence and Fernandez Co. appeals.
The evidence in the record established that, as is common, both abstract companies posted recorded instruments to tract books and compiled abstracts by extracting the relevant instruments from the appropriate tract book. Instruments containing a land description by reference to a governmental section were posted to tract books divided into sections and parts of sections and all instruments containing descriptions referring to subdivided lands were posted to tract books divided into subdivisions and lots and blocks thereof.
The abstracters testified that the abstracts in question were prepared only by searching the tract book relating to Lot 26 for a portion of Lot 26, Lake Winnemissett Land Improvement Co. Referring to the claim that the seven deeds in Birtley’s chain of title overlapped land in Lot 26 of the original plat, which was successfully asserted by Birtley against Fernandez Co. and was the basis for the claim of Fernandez Co. against the two abstract companies, one *283 abstracter testifying for the abstract companies at trial, said,
Based on the plat of Fuller’s Redivision, I disagree with that because it clearly shows that extending any of the lines of Lot A or B across the road and clear out to the lake would in no way encroach on any part of Lot 26 of land of Winnemis-sett Land Improvement Company. Relying on either map doesn’t indicate any encroachment. The only way that this problem comes to light would be based on an accurate survey.
The abstract companies contended that because they were not given the benefit of an accurate survey when they made abstracts they should not be considered negligent in omitting the seven deeds from the abstract on Lot 26. Counsel for the abstract company contended that because both abstract companies concluded that nothing in Fuller’s Redivision could encroach on Lot 26 of Lake Winnemissett, the abstract companies were not negligent. We disagree. Certainly land entirely in Fuller’s Redivision could not be in Lot 26 of Lake Winnemissett but the seven deeds in Birtley’s chain of title clearly show that they include not only lands in Fuller’s Redi-vision but also lands beyond and east of and between the roads (apparently now known as Lake Winnemissett Drive and Lake Charles Road) that separate Lots 25 and 26 according to the Lake Winnemissett Subdivision and the lake itself. Reference to the plat shown at page 292 in the reported case of Birtley v. Fernandez Co., supra, indicates that the overlapping descriptions and the dispute relates to land that not only lies east of, and across the road which is shown to be the east boundary of Lot 25 according to the original plat (which is also the east boundary of Lots A and B of Fuller’s Redi-vision), but land that lies south of, and across the road which is shown on the original plat to be the south boundary of Lot 26. If Lot 26 is considered to extend south and across the road and to the lake then Lot 25 can also be considered to extend east and across the road to the lake. It is the overlap of such lot extensions, east and south, that constitute the land involved in this action. The only land that can possibly be east of Lot 25 (and east of Fuller’s Redivision of Lot 25 into Lots A and B) and across the road must be either land in Lot 26 or accretions to the lake shore. We hold that if the land description quoted above describing land east and across the road from Lots A and B contained in the seven deeds in Birtley’s chain of title was sufficient to constitute color of title putting Fernandez Co. and its predecessors in title on notice of Birtley’s adverse possession of land in Lot 26, as was held in Birtley v. Fernandez, supra, then it was also sufficient to put the abstracters on notice that deeds containing it related to Lot 26. In the absence of a reliable survey showing that no such land exists or that Lots A and B were clearly south of the southerly tip of Lot 26, because of the land description quoted above, common sense and ordinary care dictated that the abstract company should have posted in its tract books references to those deeds not only as to Lots A and B of Fuller’s Redivision but also as to Lot 26 of the original subdivision and should have placed references to the seven deeds in the abstract to Lot 26, or have specifically noted their omission. The failure to do so constitutes neglect. The explanations by the abstract-ers as to why and how the omission occurred do not justify the omission or cause it to not be negligence.
It is common knowledge to all who are regularly involved in land conveyancing and the examination of abstracts of title that seldom does the purchaser of an abstract rely on it. This is because it is a near universal practice that prospective sellers and borrowers are required to procure and provide abstracts of title to be examined and relied upon by counsel for prospective purchasers and lenders. Abstracts are made for landowners and placed into the stream of everyday real estate commerce for the purpose of being relied on by third parties “who may foreseeably be injured or sustain an economic loss proximately caused by the negligent performance of contractual duty of the [abstracter] ... notwithstanding the absence of privity.” [adapted *284 from 363 So.2d at 1160 and A.R. Moyer, Inc. v. Graham, 285 So.2d 397 at 402 (Fla.1973) ] Accordingly, we agree with and follow Kovaleski v. Tallahassee Title Co., 363 So.2d 1156 (Fla. 1st DCA 1978), and hold that persons who, although not in strict and direct contractual privity with the abstracter, rely on an abstract provided' them for that purpose and sustain damages proximately caused by the negligent performance of a contractual duty of the abstracter, have a cause of action against the negligent abstracter.[1]
Accordingly, the judgment in favor of the appellee abstract companies is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.

. Contra First American Title Ins. Co. v. First Title Service Co., 423 So.2d 600 (Fla. 3d DCA 1982); see generally Annot., 34 A.L.R.3d 1122 (1970).