470 A.2d 838
**Frank P. CARLOTTA et ux.**
**v.**
**T.R. STARK & ASSOCIATES, INC.**
**No. 464, Sept. Term, 1983.**
Court of Special Appeals of Maryland.
Feb. 6, 1984.

Standish McCleary, Towson, with whom was Edward L. Blanton, Jr., Towson, on the brief, for appellants.

Robert J. Ryan, Towson, with whom were Moore, Carney, Ryan & Brizendine, Towson, on the brief, for appellee.

Argued before GARRITY, GETTY and BELL, JJ.

GARRITY, Judge.

On February 25, 1982, the appellants, Frank P. Carlotta and his wife, Rita M. Carlotta, filed an amended declaration in the Circuit Court for Baltimore County against Willie A. Heath, his wife, Mary L. Heath, and T.R. Stark & Associates, Inc. The appellant alleged that the Heaths, who

owned real property adjacent to real property owned by the Carlottas, had committed a continuing trespass upon the Carlottas' property, and had fraudulently attempted to gain ownership of a portion of Carlottas' property. The appellants also alleged that T.R. Stark & Associates, Inc. (Stark), a registered land surveyor, had aided and abetted the Heaths by negligently preparing an erroneous survey plat of the disputed property boundary. They alleged that the plat prepared by Stark had been based upon a monument suggested to him by the Heaths as the point of beginning, which the Heaths knew or should have known to be false.

On April 29, 1982, Stark filed a demurrer to the Carlottas' amended declaration. Stark asserted that the Carlottas had failed to allege facts to support their conclusion that Stark owed a legal duty to the Carlottas to prepare a plat of the disputed property which conformed to the description in the Carlotta deed. Stark also stated that the Carlottas failed to allege that the plat prepared by Stark was relied upon by the Heaths in the assertion of the Heaths' claims, and that the Carlottas' declaration, therefore, failed to state a cause of action against Stark.[1]

Following a hearing on Stark's demurrer, the circuit court on May 20, 1982, sustained the demurrer with leave to amend within 30 days. A second amended declaration was not filed by the Carlottas. On February 23, 1983, a final

---

1. The dispute between the parties as to the ownership of this small portion of land has been festering for years and became the subject of a suit to quiet title by adverse possession, which was finally resolved by this Court in *Heath v. Carlotta,* No. 440, Sept. 1980 (per curiam), filed May 25, 1981, cert. denied, 291 Md. 776 (1981). This Court upheld the lower court's denial of title by adverse possession on the basis that the Heaths failed to establish exclusive and hostile possession of the subject property for the statutory period. We observed therein that the chancellor indicated this was a close case and for equitable reasons he would like to redraw the disputed propertyline, but lacked authority to do so. We further observed that "the Heaths in their bill to quiet title, did not seek such relief."

judgment was entered in favor of Stark on its motion for judgment non pros.[2]

On appeal, the Carlottas contend that the circuit court erred in sustaining the appellee's demurrer. The appellants assert that the demurrer should have been overruled because a property owner ought to be allowed to "maintain a cause of action against a surveyor of the adjacent property who negligently surveys that property and who is caused to suffer damages as a result of the erroneous survey."

The appellants concede that no reported decision of a Maryland appellate court recognizes such a cause of action. They argue instead that this Court should grant a cause of action to adjacent property owners against surveyors, despite the absence of privity of contract, on the basis of public policy. The Carlottas assert that the right to this cause of action is a necessary because of the "dependence of the citizenry upon the adherence by registered land surveyors to standards of professional responsibility."

Stark contends, on the other hand, that the plat was prepared "in connection with a boundary line dispute involving a claim of title by adverse possession . . . at the specific request and direction of the employer/client [and that] there was no duty owed to the Appellant."

The appellants refer this Court to a series of relatively recent decisions of the appellate courts of foreign jurisdictions. The appellant cites these cases as authority for the proposition that "a cause of action against a registered land surveyor can be maintained by a party other than the person or property owner with which the surveyor has entered into a contractual relationship." The cases cited by the appellants are: *Hutchinson v. Dubeau, et al.,* 161 Ga.App. 65, 289 S.E.2d 4, 5 (1982); *Kent v. Bartlett,* 49 Cal.App.3d 724, 122 Cal.Rptr. 615 (1975); *Tartera v. Palumbo,* 224 Tenn. 262, 453 S.W.2d 780 (1970); and *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969).

---

2. Pursuant to Md.Rule 605 a, the trial judge found no just reason for delay existed, thus permitting an appeal prior to the termination of the entire case.

In *Hutchinson, supra,* 161 Ga.App. at 66, 289 S.E.2d 4, the Court of Appeals of Georgia ruled that a surveyor could be liable to a subsequent landowner with whom he is not in privity because a Georgia statute imposed upon registered land surveyors an obligation to assume responsibility to the public for the accuracy of work they certified had been performed accurately. Surveyors could then be held liable to purchasers of such property that suffered damage by reasonable reliance upon the plat. Maryland has no statute similar to that relied on in *Hutchinson;* hence, that case is inappropriate to the present appeal.

We have reviewed the other cases and recognize that the appellate courts of these foreign jurisdictions have substantially abrogated the traditional requirement of privity of contract between a surveyor and an innocent reliant who would forseeably and ordinarily suffer loss from the plat's inaccuracy. Each of the above-cited cases, however, was based on factual circumstances that were significantly different from the situation in the present case. In *Rozny* and *Kent,* the plaintiffs were subsequent purchasers of the same parcel of real property that had been surveyed pursuant to a contract between the previous landowner and the defendant-surveyor. In *Tartera,* the plaintiffs were owners of land surveyed in accordance with a contract between a negligent surveyor and an option contract purchaser of a portion of the plaintiff's property.

In light of those particular facts, the appellate courts in California, Tennessee, and Illinois held that a professional surveyor would be liable to third persons with whom he is not in privity for negligent misrepresentations appearing in a plat provided that the surveyors knew or should have known that such third persons would use and rely upon the plat in subsequent transactions involving the property. The California court held that the plaintiffs could only sustain their cause of action if the surveyor "could reasonably anticipate that it would be used and relied upon by persons such as plaintiffs," who were subsequent purchasers of the parcel surveyed. *Kent, supra,* 49 Cal.App.3d at 731, 122

Cal.Rptr. 615. The Supreme Court of Tennessee ruled that the surveyor was subject to the plaintiff's suit because he possessed "full knowledge" that the survey was to be used, if used at all, by both the plaintiff, who was a third party, and the party who employed the surveyor. *Tartera, supra,* 453 S.W.2d at 784. The Supreme Court of Illinois similarly decided that the plaintiff-landowners could maintain their suit against the surveyor because "the fact that those who subsequently dealt with the property would rely on the plat was not only foreseeable, it was, by defendant's own testimony, known to him." *Rozny, supra,* 250 N.E.2d at 663.

None of the out-of-state cases are directly on point. Their rationale, however, supports our holding that a surveyor of a disputed boundary line does not owe a duty of care to a non-reliant third party adjacent landowner. A surveyor, therefore, cannot be held liable to such a plaintiff.

The circuit court properly sustained the appellee's demurrer.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY THE APPELLANTS.