458 So.2d 766 (1984)
The ABSTRACT CORPORATION, a Florida Corporation, and Chelsea Title and Guaranty Company, a New Jersey Corporation, Petitioners,
v.
FERNANDEZ COMPANY, a Florida Corporation, Respondent.
No. 63971.
Supreme Court of Florida.
November 1, 1984.
Rehearing Denied January 23, 1985.
W.C. Hutchison, Jr. of Hutchison & Mamele, Sanford, for petitioners.
Richard R. Cook of Kane & Cook, Daytona Beach, and William A. Spence, Ormond Beach, for respondent.
BOYD, Chief Justice.
This case is before us on petition for review of the decision in Fernandez Co. v. Birtley, 435 So.2d 280 (Fla. 5th DCA 1983). We granted review on the jurisdictional ground of conflict with Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (1940), and First American Title Insurance Co. v. First Title Service Co., 423 So.2d 600 (Fla. 3d DCA 1982), quashed, 457 So.2d 467 (Fla. 1984). Art. V, § 3(b)(3), Fla. Const.
Respondent Fernandez Company was the defendant in a quiet title action brought by Irving and Jessie Birtley, which sought to establish their title to a certain parcel of land by adverse possession under color of title. Fernandez Company filed a third party complaint naming its immediate predecessors in title and two abstract companies  the petitioners here  as third party defendants and alleging that if the Birtleys should prevail in their quiet title action Fernandez Company would suffer harm caused by breach of warranties of title by its grantors and by the negligent preparation of abstracts on the part of the two abstracters. Ultimately, the Birtleys did prevail in their quiet title action. See Birtley *767 v. Fernandez Co., 392 So.2d 291 (Fla. 5th DCA 1980).
Fernandez Company's complaint alleged that The Abstract Corporation and Chelsea Title and Guaranty Company had prepared abstracts for Fernandez' predecessors in title and that the abstracts, due to the negligence of the abstracters, had failed to note the existence of seven deeds which, as the district court expressed it, formed "Birtley's chain of title which constituted the color of title under which Birtley's adverse possession prevailed over the record title of Fernandez Co." 435 So.2d at 282. After trial to the court the trial judge entered judgment for the defendant abstracters finding that the omission of the deeds from the abstracts did not constitute "actionable negligence."
The district court of appeal reversed. The court analysed the evidence and found that the abstracters had indeed failed to exercise due care in preparing the abstracts. The court further reasoned, based on A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973) and Kovaleski v. Tallahassee Title Co., 363 So.2d 1156 (Fla. 1st DCA 1978), that abstracters owe a duty of care to anyone who foreseeably relies on their abstracts in the ordinary course of real estate commerce. Thus the decision of the district court was in clear conflict with Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (1940), where the Court held that an abstracter only owes a duty to one in contractual privity with him.
Since the rendition of the district court's decision in this case, we have addressed the issue of an abstracter's liability for the negligent preparation of an abstract. First American Title Insurance Co. v. First Title Service Co., 457 So.2d 467 (Fla. 1984). In that case we revisited the old strict privity rule of Sickler v. Indian River Abstract & Guaranty Co. and held that an abstracter's duty of care extends not only to the one procuring the abstract  often the seller of the land  but also to a purchaser of property to whom the abstract is furnished if the abstracter knows or should know of the intended use by the purchaser. We also held that a title insurer who had compensated a purchaser for the loss occasioned by the abstracter's negligence could proceed against the abstracter under subrogation principles. But we specifically declined to extend an abstracter's liability to any person who might foreseeably rely on a negligently prepared abstract to his detriment.
Applying our First American Title decision to this case, we find that Fernandez Company's complaint failed to state a cause of action. The complaint, as amended, alleged that the abstracts in question were prepared for a predecessor in title of Fernandez Company and were relied on by the predecessor in title and by Fernandez Company as showing good and marketable title. The complaint included no allegation that the abstracts were prepared for Fernandez Company's immediate predecessors in title nor that the abstracters furnished the abstracts in the actual or constructive knowledge of their intended prospective use by Fernandez Company. Under First American Title, there was no allegation sufficient to establish that Fernandez Company was an intended beneficiary of the contract for abstracting services.
We therefore quash the decision of the district court of appeal and remand with instructions that the trial court's judgment for the defendants be affirmed.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.