COWART, Judge.
Appellee, an attorney for appellant corporation, at the request of a corporate officer, prepared promissory notes, mortgages, deeds, and bills of sale for execution by the corporate officer encumbering and conveying corporate property to a trust of which the corporate officer was the sole beneficiary. The corporation sued the corporate officer and the corporate attorney for damages for breach of fiduciary duty, negligence, and slander of title. The trial court entered a summary judgment in favor of the attorney.
The allegations in the complaint are sufficient to state a cause of action against the corporate attorney for damages resulting from participation in a breach of trust[1] by the corporate officer. Whether or not the corporate attorney knew, or should have known, that he was assisting in a breach of trust by the corporate officer is a question of fact to be resolved by a fact finder and not by summary judgment under Florida Rule of Civil Procedure 1.510. The summary judgment as to the cause of action for participation in a breach of trust[2] is reversed and the cause remanded.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.

. See Restatement (Second) of Trusts § 326 (1959), G. Bogert, The Law of Trusts and Trustees, § 901, et seq., (rev. 2d ed. 1982), and the cases collected; IV A.W. Scott, The Law of Trusts, § 326.4 (1967), and Centrust Savings Bank v. Barnett Banks Trust Company, 483 So.2d 867 (Fla. 5th DCA 1986).

. As to the claims of negligence and slander of title, the summary judgment is affirmed. Those claims appear to be but alternative theories for the recovery of the same damages sought in the count for participation in a breach of trust.