PER CURIAM.
Florida Packaging Service, Inc. (Florida Packaging) entered into a contract with Donald Ernst and C. Oliver Troutman for the sale of a parcel of land. Florida Packaging agreed to provide Ernst and Trout-man with a survey of the land. To this end, Florida Packaging hired Carr Smith & Associates, Inc. (Smith). Florida Packaging then furnished Ernst and Troutman with the survey that had been prepared by Smith. After Ernst and Troutman purchased the property, they leased it to Fence Masters, Inc. (Fence Masters). Fence Masters subsequently hired another surveyor in preparation of the construction of a *1028 structure and a surrounding fence on the property. This surveyor relied on the survey prepared by Smith instead of doing an independent survey.
After Fence Masters completed its construction, Florida East Coast Railway Company, the owner of adjoining property, sued Fence Masters, Ernst and Troutman for encroachment upon the railway’s property. Fence Masters, Ernst and Troutman then filed a third party action against Smith and the subsequent surveyor. The trial court granted the railway company’s motion for final summary judgment against Fence Masters, Ernst and Troutman, who in turn filed a motion for summary judgment against the surveyors. The trial court granted a partial summary judgment against Smith on the issue of liability. Smith then filed this appeal of the non-final order.
Smith contends that the trial court erred in entering partial summary judgment on the issue of liability since there remain disputed issues of fact. We agree.
At the outset we note that surveyors, like other professionals, may be held liable for their negligent acts. See, Cristich v. Allen Eng’g, Inc., 458 So.2d 76 (Fla. 5th DCA 1984); Vogel v. Allen, 443 So.2d 368 (Fla. 5th DCA 1983); accord Kent v. Bartlett, 49 Cal.App.3d 724, 122 Cal.Rptr. 615 (1975); Hutchinson v. Dubeau, 161 Ga.App. 65, 289 S.E.2d 4 (1982); Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656 (1969); Essex v. Ryan, 446 N.E.2d 368 (Ind.Ct.App.1983); Annotation, Surveyor’s Liability for Mistake in, or Misrepresentation as to Accuracy of Survey of Real Property, 35 A.L.R.3d 504 (1971); cf. Campbell v. Bellman, 293 So.2d 795 (Fla. 3d DCA 1974) (seller may be held liable to buyer for providing buyer with negligently prepared survey where seller employs surveyor as condition of sale). Smith contends, however, that it owed no duty either to Ernst and Troutman or Fence Masters because it was hired by Florida Packaging.
Surveyors may be held liable not only to their employers but also, where the survey- or “knows, or should know, that his customer wants the [survey] for the use of a prospective purchaser, and the prospect purchases the land relying on the” survey, the surveyor, like the abstracter, may be held liable to the purchaser and “others involved in the transaction through their relationship to the purchaser — such as ... tenants.” First American Title Ins. Co. v. First Title Serv. Co., 457 So.2d 467, 473 (Fla.1984); cf. Cristich, 458 So.2d at 79 (surveyors subject to same standard of care with regard to third party liability as abstracters); 458 So.2d at 80-81 (Sharp, J., dissenting) (surveyor’s liability depends upon the existence of a legal duty, not privity); Essex, 446 N.E.2d at 368 (treating surveyors the same as abstracters for purposes of determining third party liability). Smith contends that it did not know, nor should it have known, that the survey would be used for the sale of the land, and disputes the facts which would establish such knowledge. Furthermore, there is no evidence that Fence Masters was involved in a tenancy relationship with the purchasers of the land, Ernst and Troutman, at the time of the transaction, as would be required to establish the existence of a legal duty owing from Smith to Fence Masters.
A summary judgment should not be granted where there remain disputed material issues of fact. See Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). This rule is equally applicable to third party complaints. Home Indem. Co. v. Edwards, 360 So.2d 1112 (Fla. 1st DCA 1978), rev’d on other grounds, Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979). In this case there remain unresolved issues of fact with regard to (1) whether Smith had, or should have had, the requisite knowledge of the purchasers’ intention to rely upon the survey prepared by Smith, and (2) whether a tenancy relationship existed between the purchasers and Fence Masters at the time of the purchase transaction. Since these issues must be resolved in order to determine whether Smith owed a duty to Ernst, Troutman or Fence Masters, see First American Title Ins., 457 So.2d at 473; cf. The Abstract Corp. v. Fernandez Co., 458 So.2d 766 (Fla.1984) (in order to *1029 sustain action against abstracter hired by seller, purchaser had to allege and prove actual or constructive knowledge of the intended use of the abstract), the trial court erred in entering summary judgment against Smith on the issue of liability. Cf. International Community Corp. v. Young, 486 So.2d 629, 630 (Fla. 5th DCA 1986) (“Whether or not the corporate attorney knew, or should have known, that he was assisting in breach of trust by the corporate officer is a question of fact to be resolved by a fact finder and not by summary judgment under Florida Rule of Civil Procedure 1.510.”), review denied, 494 So.2d 1152 (Fla.1986); Lucks v. Publix Super Markets, Inc., 399 So.2d 451 (Fla. 4th DCA 1981) (trial court erred in entering summary judgment for supermarket since there remained disputed issue of fact concerning whether supermarket should have known of prior similar events in its parking lot in order to determine whether supermarket owed a duty to plaintiff). Accordingly, the judgment under review is
Reversed and remanded for further proceedings.