**Barry GIPSON & Cheryl Gipson, Plaintiffs–Appellants,**

v.

**C. Dexter SLAGLE, d/b/a/ Slagle Surveying, Defendant– Respondent.**

**No. WD 44116.**

Missouri Court of Appeals, Western District.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Application to Transfer Denied Jan. 28, 1992.

Nathan C. Williams and Gregory D. Williams, Williams & Williams, Sunrise Beach, for plaintiffs-appellants.

Kenneth O. McCutcheon, Jr., Woolsey and Yarger, Versailles, for defendant-respondent.

Before BERREY, P.J.,
BRECKENRIDGE, J., and SHRUM,
Special Judge.

BRECKENRIDGE, Judge.

Barry and Cheryl Gipson appeal from the trial court's dismissal for failure to state a claim upon which relief can be granted in their action against C. Dexter Slagle. The Gipsons alleged that Slagle was grossly negligent in his preparation of a survey. Gipsons present two points on appeal: (1) that the trial court erred in granting Slagle's motion to dismiss because their petition states a cause of action in negligence per se as the Gipsons are within the class of persons intended to be protected by 4 CSR 30–8.020; and (2) that the trial court erred in granting Slagle's motion to dismiss because their petition states a cause of action in negligence. The judgment is affirmed.

C. Dexter Slagle was hired by Marion M. Mijal on July 11, 1984, to perform a survey of the west boundary line of the Mijal property. The Gipsons were abutting property owners, sharing the boundary with the Mijals. The owners of the Mijal property, relying upon the survey Slagle conducted, cleared away trees and destroyed retaining walls constructed by the Gipsons. The owners of the Mijal property subsequently sued the Gipsons seeking ejectment and damages for trespass. In successfully defending the action, the Gipsons incurred costs of $68.90 and attorneys fees totalling $6,080.50.

The Gipsons filed suit against Slagle, claiming actual and punitive damages. They claimed that he was grossly negligent in conducting the survey by not conducting it in accordance with the applicable statute and state regulations. Slagle filed a motion to dismiss for failure to state a cause of action upon which relief may be granted. After hearing oral argument on the motion, the trial court dismissed the action.

■ Review of a trial court's dismissal of a petition for failure to state a claim upon which relief can be granted is done by construing all averments liberally and accepting the facts pleaded as true. If these facts and the reasonable inferences to be drawn from them, viewed in the light most favorable to plaintiffs, invoke any principles of substantive law upon which relief can be granted then the decision of the trial court must be reversed. *Asaro v. Cardinal Glennon Memorial Hosp.*, 799 S.W.2d 595, 597 (Mo. banc 1990).

The Gipsons, in Point I, claim that the trial court erred in granting Slagle's motion to dismiss because their petition states a claim in negligence per se. Specifically, the Gipsons contend that they are within the class of persons intended to be protected by the standards adopted by the Mis-

souri Board for Architects, Professional Engineers and Land Surveyors in 4 CSR 30–8.020 and that Slagle's violation of these standards was the proximate cause of their injuries.

■ For an action in negligence per se to lie, four requirements must be met: (1) a violation of a rule or regulation; (2) that the injured party was within the class of persons intended to be protected by the statute or ordinance; (3) that the injury complained of must be of the nature that the statute is designed to prevent; and (4) that the violation of the statute or ordinance must be the proximate cause of the injury. *Sayers v. Haushalter,* 493 S.W.2d 406, 409 (Mo.App.1973). The Gipsons cannot satisfy the second prong of the test; they are not within the class of persons that the statute was designed to protect.

Section 327.041, RSMo 1986, provides that the Missouri Board for Architects, Professional Engineers and Land Surveyors has the power to enforce and administer the provisions of Chapter 327 and to, "adopt, publish and enforce such rules and regulations within the scope and purview" of the provisions of that Chapter. The statutory scheme provides a penalty for unauthorized practice, § 327.291, RSMo 1986, and for the denial, revocation or suspension of a certificate of registration or authority, § 327.441, RSMo 1986. It is the position of the Gipsons that the purpose of these statutes is to protect the public, and that they are members of the public affected by the survey and fall within the class of persons intended to be protected by the standards adopted in 4 CSR 30–8.020. This argument is based on prior statement in cases that "[t]he purpose behind licensing statutes is to protect the public rather than to punish the licensed professional." *Duncan v. Missouri Board for Architects,* 744 S.W.2d 524, 531 (Mo.App.1988); (*citing State ex rel. Lentine v. State Board of Health,* 334 Mo. 220, 65 S.W.2d 943 (1933) [7–11]). Both *Duncan* and *State ex rel. Lentine,* involved disciplinary actions against licensed professionals. The quoted statement was made in the context of statutory construction, and does not stand for

the proposition that said stated purpose is sufficient to designate a class of persons the rule or regulation is intended to protect.

The primary goal promoted by the statutory scheme of Chapter 327 is the regulation of land surveyors by their licensing, registration and discipline, for the purpose of protecting those members of the public who contract for the services of a land surveyor, rather than the general public as a whole. To accomplish said purpose, it provides for disciplinary action upon a violation, including censure and the revocation of licenses pursuant to § 327.441, RSMo 1986, and § 327.451, RSMo 1986. The Gipsons' were not the employers of Slagle. They did not contract for his services. Thus, they are not within the class of persons protected under the statute and an action of negligence per se will not lie. The Gipsons' Point I is denied.

It is noted that the Gipsons cite no cases wherein a professional licensing statute is the basis of a negligence per se action. Based on the fact that the Gipsons fail to prove the elements of negligence per se, it is unnecessary to reach the underlying issue of whether there is a cause of action in negligence per se for violation of the licensing statutes and regulations applicable to land surveyors.

■ The Gipsons next claim that the trial court erred in dismissing their petition because the petition states a cause of action in negligence. The question of whether a cause of action can be maintained against a land surveyor by a party other than the person with which the surveyor entered into a contractual relationship was addressed in *Baublit v. Barr & Riddle Engineering Co.,* 768 S.W.2d 233 (Mo.App. 1989). In *Baublit,* this Court, following the holding of *Carlotta v. T.R. Stark & Associates, Inc.,* 57 Md.App. 467, 470 A.2d 838 (1984), ruled that a "surveyor of a disputed boundary line does not owe a duty of care to a non-reliant third party," i.e., an adjoining landowner. *Id.* at 236. This ruling was based upon a thorough analysis of cases noting the general rule that no cause of action in tort can arise due to the breach of a contractual duty unless there is privity

598

of contract, and creating or declining to create exceptions to said general rule.[1]  *Id.* at 234–36.  The court in *Baublit* found no prior exception to the rule of privity of contract under the facts presented to it, and declined to create such an exception. *Id.* at 236.

In *Baublit*, as well as in the other cases recognizing exceptions to the general rule, reliance was a key factor.  Here, as in *Baublit*, the Gipsons fail to show that the surveyor owed a duty of care to them or that they had relied upon the survey.  The survey at issue was prepared by Slagle on behalf of the Mijals and there was no allegation of any action taken by the Gipsons in reliance upon the survey.  In fact, the Gipsons disputed the boundary line established by the survey, rather than relied upon it.  The Gipsons' Point II is denied.

The judgment of the trial court dismissing the petition is affirmed.

All concur.

**1.** Generally, *Glanzer v. Shepard*, 233 N.Y. 236, 135 N.E. 275 (1922); *Ultramares Corp. v. Touche*, 255 N.Y. 170, 180–85, 174 N.E. 441, 444–48 (1931); *Westerhold v. Carroll*, 419 S.W.2d 73 (Mo.1967); *First Nat. Bank v. Goodnight*, 721 S.W.2d 122, 125 (Mo.App.1986); *999 v. Cox & Co.*, 574 F.Supp. 1026 (E.D.Mo.1983). With regard to surveyors, *Edgar v. Fitzpatrick*, 377 S.W.2d 314 (Mo. banc 1964); *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57 (Mo. banc 1985); *Haughey Livery & Undertaking Co. v. Joyce*, 41 Mo.App. 564 (1890); *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972); *Carlotta v. T.R. Stark & Associates, Inc.*, 57 Md.App. 467, 470 A.2d 838 (1984).