STONE, J.
We reverse a final summary judgment entered in favor of P & L Surveyors Inc. on Mark and Karen Modrich’s (Modrich) fraud and negligence claims.
Our review of the record reflects that P & L Surveyors failed to meet its burden of demonstrating both the absence of genuine issue of material fact and that it is entitled to a judgment as a matter of law. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Albelo v. S. Bell, 682 So.2d 1126 (Fla. 4th DCA 1996).
In the complaint, Modrich claims that P & L Surveyors misrepresented the status of easements on the property, that P & L should have known of the falsity of that representation, and that Modrich justifiably relied on P & L’s misrepresentation. Viewed in the light most favorable to Mod-rich, we find that a genuine issue of fact exists as to each of these material elements.
The contract in question required the following with regard to transfer of title:
10. TITLE: Seller will convey marketable title to the Property ...
(a) Title Evidence: Title evidence will show legal access to the Property and market title of record in Seller in accordance with the current title standards adopted by the Florida Bar, subject only to the following title exceptions, none of which prevent residential use of the Property: covenants, easements and restrictions of record; matters of plat, existing zoning and government regulations, oil, gas and mineral rights of record if there is not right of entry; cur *453 rent taxes; mortgages that Buyer will assume; and encumbrances that Seller will discharge at or before closing....
[[Image here]]
(c) Survey: Buyer may, prior to the Closing and at Buyer’s expense, have the Property surveyed and deliver written notice to Seller, within 5 days from receipt of survey but no later than closing, of any encroachments on the Property, encroachments by the Property’s improvements on other lands or deed restriction or zoning violations.
P & L argues that Modrich cannot prove justifiable reliance, as Modrich closed on the transaction notwithstanding questions raised during the real estate closing regarding the presence of easements on the property. However, a genuine issue of material fact remains as to whether there was a misrepresentation by the P & L agent who participated in the closing and, if so, whether Modrich relied on it, as it is unclear from the record what was said at closing, regarding the easement, by P & L’s agent.
We also reject P & L’s argument that the alleged misrepresentation could not have induced Modrich to proceed in that the contract pre-dated the alleged misstatement. The fallacy in its argument lies in its failure to recognize that the basis for Modrich’s claim is the alleged misrepresentation inducing them to close the transaction, not enter into the contract.
We note that the complaint is not specific as to the details of any injury, and there remains a question as to whether Modrich has sustained an actionable injury. On remand, leave should be given to amend, or for Modrich to otherwise give particulars, as to the easement’s impact on residential use.
It also appears that the trial court decision may have been influenced by a concern that there was a lack of privity between Modrich and P & L. As to this, we direct the court’s attention to First American Title Insurance Co. v. First Title Service Co. of the Florida Keys Inc., 457 So.2d 467 (Fla.1984), and Carr Smith & Assocs., Inc. v. Fence Masters, Inc., 512 So.2d 1027 (Fla. 3d DCA 1987). Modrich alleges that P & L Surveyors had a duty to Modrich and breached that duty by failing to notify them of the easement. The record does not refute these allegations; hence, for purposes of summary judgment, they must be taken as true. See Albelo, 682 So.2d at 1129.
We, therefore, reverse and remand for further proceedings.
FARMER and SHAHOOD, JJ., concur.