[Civ. No. 5535. Fourth Dist. Jan. 21, 1957.]

FLORA L. MICKEL, Appellant, v. HAROLD C. MURPHY, Respondent. .

Fred H. Almy for Appellant.

Cunningham, Parry & Holcomb for Respondent.

MUSSELL, J.—This is a tort action for damages alleged to have been caused by the unlawful practice of law by defendant. A demurrer to the second amended complaint, including by stipulation a general demurrer, was sustained and plaintiff was granted 10 days to file an amended complaint. She de-

clined to amend and appeals from the judgment thereupon entered against her.

The principal question to be here determined is whether the second amended complaint states facts sufficient to constitute a cause of action. It is alleged therein that Henry Mickel, prior to his death on September 4, 1954, was the husband of plaintiff; that his separate property at the time of his death was valued at $34,411.94; that defendant was not licensed as an attorney at law or authorized to engage in the practice of law in California; "that defendant prior to the death of said Henry Mickel, and on or about April 30, 1952, did unlawfully engage in the practice of law in the State of California as follows: did advise regarding, draw, prepare and notarize a certain instrument bearing title of 'Last Will and Testament of Henry Mickel' and bearing said date of April 30, 1952, and did not advise said Henry Mickel that a Will required attestation thereto of two witnesses''; that under the provisions of said will plaintiff was to receive the entire estate of Henry Mickel; that he died intestate on September 4, 1954, and one-half of his separate property, of the value of approximately $17,000 vested in and passed to the mother of said deceased; that the said will was not witnessed as required by law and was therefore null and void; that Henry Mickel believed said will to be valid and intended that plaintiff should receive all of his property upon his death and that as a direct and proximate result of the said unlawful practice of law by the defendant plaintiff sustained damage in the sum of $17,205.97, the reasonable value of one-half of the separate property of Henry Mickel.

The acts alleged as unlawful practice of law, and upon which plaintiff relies to state a cause of action are that defendant *did advise regarding, draw, prepare and notarize the will involved and did not advise Henry Mickel that a will required attestation thereto of two witnesses.* (Italics ours.) There is no allegation that defendant represented that he was an attorney or qualified to draw the will. There is no allegation that the defendant suggested or directed the disposition of the property of Henry Mickel or that Henry Mickel relied upon defendant to see that the will was witnessed as required by law and it is not alleged that defendant was engaged as an attorney to draw the will.

It is generally held that practice of law is not involved in the function of a ''scrivenor'' of legal instruments. (6 Cal. Jur.2d, Attorneys at Law, § 30.) In *People* v. *Sipper,*

61 Cal.App.2d Supp. 844, 846 [142 P.2d 960], "the practice of law" is defined and discussed and it is there said that the term "practice of law" or its equivalent "the practice of the law" includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured although such matter may or may not be pending in court; that "If defendant had only been called upon to perform and had only undertaken to perform the clerical service of filling in the blanks on a particular form in accordance with information furnished him by the parties, or had merely acted as a scrivener to record the stated agreement of the parties to the transaction, he would not have been guilty of practicing law without a license." In the instant case it is not alleged that defendant acted other than as a scrivener in the preparation of the will and no facts are alleged showing that it was defendant's duty under the circumstances to advise the decedent that the will required "attestation thereto of two witnesses."

In *Buckley* v. *Gray,* 110 Cal. 339 [42 P. 900, 52 Am. St.Rep. 88, 31 L.R.A. 862], in an action to recover for negligence of an attorney in drafting and executing a will, it appeared that the plaintiff's mother employed the defendant to draw her will. It was alleged that the defendant negligently drew the will and that it was so drawn that it did not legally express the desires or direction of the testatrix, and that plaintiff, although named in the will as one of the devisees thereunder, was caused by defendant to become one of the subscribing witnesses thereto, thereby rendering the provisions of the said will as to the plaintiff void. The court below sustained a demurrer to the complaint. Plaintiff failed to amend and judgment against him was affirmed on appeal. The court held that an attorney is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone, that is, to the one between whom and the attorney the contract of employment and service existed and not to third parties; except where an attorney has been guilty of fraud or collusion, or of a malicious or tortious act. It is further said therein that the limit of the doctrine relating to actionable negligence is that the person causing the loss must owe a duty, arising from contract or otherwise, to the person sustaining such loss and that such a restriction on the right to sue for want of care in the exercise or employments or the transaction of business is plainly necessary to restrain the remedy from being pushed to an imprac-

ticable extreme. It was further held that "The complaint proceeds solely upon the theory that it was through negligence arising either from ignorance or carelessness, or both; and this, although it may be conceded that the complaint discloses an instance of the grossest ignorance on the one hand, or unpardonable carelessness on the other, and shows very grievous injury to plaintiff as a result, does not, within the principles above announced, make a case entitling the plaintiff to maintain the action."

In the instant case, presumably there was some agreement between Henry Mickel and the defendant, although there is no allegation in the complaint to that effect. The defendant, if liable at all, was liable to Henry Mickel, alone, for negligence. Plaintiff, not being a party to the transaction, cannot sue for the carelessness or negligence of defendant in failing to prepare a valid will if that is in fact what he agreed to do.

Appellant argues that the violation of section 6126 of the Business and Professions Code, which provides that any person practicing law who is not an active member of the state bar is guilty of a misdemeanor, created a cause of action in favor of the plaintiff. However, in *Clinkscales* v. *Carver*, 22 Cal.2d 72, 75 [136 P.2d 777], the court said: "A statute that provides for a criminal proceeding only does not create a civil liability; if there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one. A suit for damages is based on the theory that the conduct inflicting the injuries is a common-law tort, . . ." (In that case the failure to exercise the care of a reasonable man at a boulevard stop.) In *Coleman* v. *California Yearly Meeting of Friends Church*, 27 Cal.App.2d 579, 582 [81 P.2d 469], it is said that a tort in contemplation of law consists in a violation of a duty imposed by general law or otherwise upon all persons occupying the relation to each other which is involved in a given transaction; that "In order to constitute an actionable tort, there must be a legal duty—imposed by statute or otherwise—owing by the defendant to the one injured, for in the absence of such a duty any damage caused is injury without wrong—*damnum absque injuria.*" And in *McKeon* v. *Neuschwander*, 209 Cal. 283, 285 [286 P. 1010], it is said that "It is essential to the statement of any cause of action that there be a primary right and corresponding duty and a violation thereof."

In the instant case plaintiff had no vested right or interest in the property involved herein until Henry Mickel's death,

and then only in the event that she would be entitled to receive the property under the terms of his will. The second amended complaint does not state facts sufficient to constitute a cause of action against the defendant and the demurrer was properly sustained on that ground. Since we have reached this conclusion, it is unnecessary to consider whether the action was barred by the provisions of sections 338 and 340 of the Code of Civil Procedure.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.