[S. F. No. 19757. In Bank. Jan. 17, 1958.]

VINKA BIAKANJA, Respondent, v. THOMAS J. IRVING,
Appellant.

Lloyd J. Cosgrove and Herbert Chamberlin for Appellant.

Lenz, Jarvis, Miller & Decker, Martin J. Jarvis and Joseph
E. Isaacs for Respondent.

GIBSON, C. J.—Plaintiff's brother, John Maroevich, died, leaving a will which devised and bequeathed all of his property to plaintiff. The will, which was prepared by defendant, a notary public, was denied probate for lack of sufficient attestation. Plaintiff, by intestate succession, received only one-eighth of the estate, and she recovered a judgment against defendant for the difference between the amount which she would have received had the will been valid and the amount distributed to her.

Defendant, who is not an attorney, had for several years written letters and prepared income tax returns for Maroevich. The will was typed in defendant's office and "subscribed and sworn to" by Maroevich in the presence of defendant, who affixed his signature and notarial seal to the instrument. Sometime later Maroevich obtained the signatures of two witnesses to the will, neither of whom was present when Maroevich signed it. These witnesses did not sign in the presence of each other, and Maroevich did not acknowledge his signature in their presence.

An attorney who represented Maroevich's stepson in the probate proceedings testified that he had a telephone conversation with defendant shortly after Maroevich's death, in which defendant said he prepared the will and notarized it. According to the attorney, defendant, in discussing how the will was witnessed, "admonished me to the effect that I was a young lawyer, I'd better go back and study my law books some more, that anybody knew a will which bore a notarial seal was a valid will, didn't have to be witnessed by any witnesses."

The court found that defendant agreed and undertook to prepare a valid will and that it was invalid because defendant negligently failed to have it properly attested. The findings are supported by the evidence.

The principal question is whether defendant was under a duty to exercise due care to protect plaintiff from injury and was liable for damage caused plaintiff by his negligence even though they were not in privity of contract. In *Buckley* v. *Gray* (1895), 110 Cal. 339 [42 P. 900, 52 Am.St.Rep. 88, 31 A.L.R. 862], it was held that a person who was named as a beneficiary under a will could not recover damages from an attorney who negligently drafted and directed the execution of the will with the result that the intended beneficiary was deprived of substantial benefits. The court based its decision on the ground that the attorney owed no duty to the beneficiary

because there was no privity of contract between them. *Mickel v. Murphy,* 147 Cal.App.2d 718 [305 P.2d 993], relying on *Buckley* v. *Gray, supra,* held that a notary public who prepared a will was not liable to the beneficiary for failing to have it properly executed. When *Buckley* v. *Gray, supra,* was decided in 1895, it was generally accepted that, with the few exceptions noted in the opinion in that case, there was no liability for negligence committed in the performance of a contract in the absence of privity. Since that time the rule has been greatly liberalized, and the courts have permitted a plaintiff not in privity to recover damages in many situations for the negligent performance of a contract.

Liability has beeen imposed, in the absence of privity, upon suppliers of goods and services which, if negligently made or rendered, are "reasonably certain to place life and limb in peril." (See *Kalash* v. *Los Angeles Ladder Co.,* 1 Cal.2d 229, 231 [34 P.2d 481] [manufacturer of ladders] ; *Hale* v. *Depaoli,* 33 Cal.2d 228, 231 [201 P.2d 1, 13 A.L.R.2d 183] [building contractor] ; *Dahms* v. *General Elevator Co.,* 214 Cal. 733, 738-742 [7 P.2d 1013] [elevator maintenance company] ; *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382 [111 N.E. 1050, Ann.Cas. 1916C 440, L.R.A. 1916F 696] [automobile manufacturer] ; Prosser, Torts (2d ed. 1955), §§ 84-85, p. 497 et seq.) There is also authority for the imposition of liability where there is no privity and where the only foreseeable risk is of damage to tangible property. (*Kolberg* v. *Sherwin-Williams Co.,* 93 Cal.App. 609, 613 [269 P. 975] ; *Brown* v. *Bigelow,* 325 Mass. 4 [88 N.E.2d 542, 543] ; *Ellis* v. *Lindmark,* 177 Minn. 390 [225 N.W. 395, 396-397] ; *Dunn* v. *Ralston Purina Co.,* 38 Tenn.App. 229 [272 S.W.2d 479, 481 et seq.] ; *Cohan* v. *Associated Fur Farms,* 261 Wis. 584 [53 N.W.2d 788, 791-792] ; see Prosser, *supra,* § 84, pp. 501-502.)

Recovery has been allowed in some cases to a third party not in privity where the only risk of harm created by the negligent performance of a contract was to an intangible interest. For example, in the leading case of *Glanzer* v. *Shepard,* 233 N.Y. 236 [135 N.E. 275, 23 A.L.R. 1425], a purchaser of beans overpaid the vendor in reliance on an erroneous certificate negligently furnished by a public weigher employed by the vendor. In holding the weigher liable to the purchaser, the court stated, in an opinion by Justice Cardozo, that the purchaser's use of the certificate was, to the weigher's knowledge, the "end and aim" of the transaction. (See also *Doyle* v. *Chatham & Phenix Nat. Bank,* 253 N.Y. 369 [171 N.E. 574,

71 A.L.R. 1405]; *Dickel* v. *Nashville Abstract Co.*, 89 Tenn. 431 [14 S.W. 896, 24 Am.St.Rep. 616]; *Anderson* v. *Spriestersbach*, 69 Wash. 393 [125 P. 166, 42 L.R.A.N.S. 176]; Rest., Torts, § 552, comment f.) In another group of cases the addressee of a telegram has been allowed to recover from the telegraph company for loss of the opportunity of a job because of the company's failure to deliver a message. (*Western Union Tel. Co.* v. *Bowman*, 141 Ala. 175 [37 So. 493]; *McPherson* v. *Western Union Tel. Co.*, 189 Mich 471 [155 N.W. 557, 559]; cf. *Western Union Tel. Co.* v. *McKibben*, 114 Ind. 511 [14 N.E. 894, 897-898]; *Barker* v. *Western Union Tel. Co.*, 134 Wis. 147 [114 N.W. 439, 440-441, 14 L.R.A.N.S. 533, 126 Am.St.Rep. 1017].)

Imposition of liability for injuries to intangible interests has been refused, however, in the absence of privity where any potential advantage to the plaintiff from the performance of the contract was only a collateral consideration of the transaction or where the injury to the particular person bringing suit was not foreseeable (*Ultramares Corp.* v. *Touche*, 255 N.Y. 170 [174 N.E. 441, 74 A.L.R. 1139]; *Phoenix Title & Trust Co.* v. *Continental Oil Co.*, 43 Ariz. 219 [29 P.2d 1065, 1069-1071]; *Ohmart* v. *Citizens' Sav. & Trust Co.*, 82 Ind.App. 219 [145 N.E. 577]; cf. *MacKown* v. *Illinois Publishing & Printing Co.*, 289 Ill.App. 59 [6 N.E.2d 526].)

█ The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm. (*Cf.* Prosser, Torts (2d ed. 1955), §§ 36, 88, 107, pp. 168, 172, 544-545, 747; 2 Harper and James, Torts (1956), § 18.6, p. 1052.) █ Here, the "end and aim" of the transaction was to provide for the passing of Maroevich's estate to plaintiff. (See *Glanzer* v. *Shepard*, 233 N.Y. 236 [135 N.E. 275, 23 A.L.R. 1425].) Defendant must have been aware from the terms of the will itself that, if faulty solemnization caused the will to be invalid, plaintiff would suffer the very loss which occurred. As Maroevich died without revoking his will, plaintiff, but for defendant's negligence, would have received all of the Maroevich estate, and the

fact that she received only one-eighth of the estate was directly caused by defendant's conduct.

 Defendant undertook to provide for the formal disposition of Maroevich's estate by drafting and supervising the execution of a will. This was an important transaction requiring specialized skill, and defendant clearly was not qualified to undertake it. His conduct was not only negligent but was also highly improper. He engaged in the unauthorized practice of the law (Bus. & Prof. Code, § 6125; *cf. People* v. *Merchants Protective Corp.*, 189 Cal. 531, 535 [209 P. 363]; *People* v. *Sipper*, 61 Cal.App.2d Supp. 844, 848 [142 P.2d 960]; *Grand Rapids Bar Ass'n* v. *Denkema*, 299 Mich. 56 [287 N.W. 377, 380]; *State* ex rel. *Wyoming State Bar* v. *Hardy*, 61 Wyo. 172 [156 P.2d 309, 313]), which is a misdemeanor in violation of section 6126 of the Business and Professions Code.* Such conduct should be discouraged and not protected by immunity from civil liability, as would be the case if plaintiff, the only person who suffered a loss, were denied a right of action.

 We have concluded that plaintiff should be allowed recovery despite the absence of privity, and the cases of *Buckley* v. *Gray*, 110 Cal. 339 [42 P. 900, 52 Am.St.Rep. 88, 31 A.L.R. 862], and *Mickel* v. *Murphy*, 147 Cal.App.2d 718 [305 P.2d 993], are disapproved insofar as they are in conflict with this decision.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

---

*Section 6125 of the Business and Professions Code provides: ''No person shall practice law in this State unless he is an active member of the State Bar.''

Section 6126 of the Business and Professions Code provides: ''Any person advertising himself as practicing or entitled to practice law or otherwise practicing law, after he has been disbarred or while suspended from membership in the State Bar, or who is not an active member of the State Bar, is guilty of a misdemeanor.''