[Civ. No. 42897. First Dist., Div. Two. Sept. 27, 1979.]

EDWARD NORMAN HARRISON, JR., Plaintiff and Appellant, v.
COMMONWEALTH LAND TITLE INSURANCE COMPANY,
Defendant and Respondent.

974

**COUNSEL**

Henderson, Vanoli & Baugher and William Edward Baugher for Plaintiff and Appellant.

Tobin & Tobin, John L. Hosack and Rand L. Peebles for Defendant and Respondent.

**OPINION**

**THE COURT.**\*—Commonwealth Land Title Insurance Company's demurrer to Harrison's complaint was sustained without leave to amend. Harrison appeals from the order of dismissal, which constitutes a judgment (Code Civ. Proc., § 581d; see *Weiss* v. *Marcus* (1975) 51 Cal.App.3d 590, 594, fn. 1 [124 Cal.Rptr. 297]).

\*Before Taylor, P. J., Rouse, J., and Miller, J.

In his complaint, Harrison alleged that he purchased a parcel of real property at an execution sale conducted by the Santa Clara County Sheriff on or about June 9, 1975. On or about the preceding November 11, Commonwealth Land Title Insurance Company, for a fee of $15, had issued a lot book guaranty to an attorney, John Colistra, who in the course of representing the judgment creditor, had caused the execution sale to be held. The lot book report did not disclose the encumbrance (a deed of trust) which is the basis for this litigation. Colistra showed the lot book report to Harrison. Harrison bid on the property, was high bidder, and purchased the parcel subject to the one year right of redemption on the part of the judgment debtor. In June 1976, Harrison received the sheriff's deed, and discovered the existence of the deed of trust.

The lot book guaranty had a maximum stated liability of $100 only to the named insured, and was based solely and explicitly on the title company's lot book records. The guaranty explicitly stated that its grantor-grantee indexes had not been examined, and it made no representation as to the state of the official public records. Printed policy exclusions limit *any* coverage to loss sustained by the party guaranteed, i.e., Colistra.

Harrison does not, apparently, attempt to recover on the contract of insurance itself. Rather, he urges that he was a person whom the title company could reasonably have expected would justifiably rely on the lot book guaranty, and that the company thus had a duty of care toward him which was breached by their failure to discover the deed of trust (see *Hardy* v. *Carmichael* (1962) 207 Cal.App.2d 218, 227 [24 Cal.Rptr. 475]).

Whether Harrison was a "foreseeable plaintiff" or whether the preparer of a lot book guaranty has a duty of care equivalent to that of a person preparing an abstract of title from official records are points which need not be decided. Given the explicit terms of the guaranty, Harrison could not have justifiably relied on it for the proposition that title to the property he purchased was unclouded and free of encumbrances. Cases cited by appellant are distinguishable in that the documents upon which plaintiffs relied to their detriment did not contain explicit limiting statements to the effect that they reflected only a partial inspection of relevant records or that liability for loss was limited to a small amount of money payable only to the party insured (*Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358]; *Hawkins* v. *Oakland Title Ins. & Guar. Co.* (1958) 165 Cal.App.2d 116 [331 P.2d 742]; *Hardy* v. *Carmichael, supra,* 207 Cal.App.2d 218).

Given that Harrison cannot prevail on a negligence theory, and given that he is explicitly excluded by the terms of the contract from bringing an action thereon, whether he has as yet suffered damage by reason of the existence of the outstanding deed of trust is immaterial. Finally, the existence *vel non* of a "special relationship" between Harrison and Colistra is irrelevant; for the reasons stated above, pleading and proving such a relationship would have added nothing to Harrison's case. The trial court's refusal to allow an amendment to the complaint was proper (*Hawkins* v. *Oakland Title Ins. & Guar. Co., supra*, 165 Cal.App.2d 116, 123).

The judgment is affirmed.