[No. A085391. First Dist., Div. Four. Dec. 28, 1999.]

JOHN NOVAK, Plaintiff and Appellant, v.
LOW, BALL & LYNCH et al., Defendants and Respondents.

## COUNSEL

Ernst & Mavredakis, John J. Mavredakis; Law Offices of Robert Farrell and Robert Farrell for Plaintiff and Appellant.

Murphy, Pearson, Bradley & Feeney, Michael P. Bradley, and Harlan B. Watkins for Defendants and Respondents.

## OPINION

**REARDON, J.**—What duty, if any, does counsel provided by an insurer owe to the insured in negotiating a partial settlement of claims when independent counsel for the insured has been provided pursuant to Civil Code[1] section 2860? By statute such counsel has a duty not to exclude independent counsel from participating in settlement negotiations, and must cooperate fully in the exchange of information consistent with his or her obligation to the insured. (§ 2860, subd. (f).) Accordingly, we reverse the summary judgment in favor of respondent attorneys and direct the trial court to enter an order granting summary adjudication in favor of appellant insured on the issue of duty.

## I. BACKGROUND

Appellant John Novak is a licensed carpenter doing business under the name Parcon Industries. At the time in question he was insured by Acceptance Insurance Company (Acceptance) under a commercial general liability policy. Pursuant to that policy Acceptance agreed to indemnify Novak, up to policy limits, for all sums Novak became legally obligated to pay as damages because of "bodily injury and property damage liability" or "personal and advertising injury liability." Acceptance also had the duty to defend any suit seeking those damages, and had the right, in its discretion, to "settle any claim or 'suit' that might result."

In November 1995 Parker Sorg Associates, Inc., and Valley Vista Associates, LLC (collectively, Valley Vista) hired Novak to provide rough carpentry and framing on a residential construction project in Mill Valley. A dispute arose and in February 1996 Valley Vista sued Novak and others for defamation, trespass, inducing breach of a loan agreement, and breach of contract. (*Valley Vista Associates v. Parcon Industries* (Super. Ct. Marin County, 1996, No. 166700).)

Novak asked Attorney Ronald Kuns to defend the Valley Vista action and thereafter tendered his defense to Acceptance. The insurer accepted defense under a reservation of rights and based on its analysis of potential coverage for the first two causes of action. In addition, Acceptance agreed to pay Kuns as independent counsel pursuant to section 2860.

Meanwhile, Acceptance also retained respondent law firm Low, Ball & Lynch (LBL) to monitor Kuns's billings and represent its interests in the Valley Vista matter.

---

[1]Unless otherwise noted, all statutory references are to the Civil Code.

Unbeknownst to either Novak or Kuns, respondent Robert Lazzarini of LBL initiated settlement discussions with counsel for Valley Vista. Lazzarini negotiated a dismissal and release from liability as to the first two causes of action for the sum of $7,500. Lazzarini did not advise Novak or Kuns of the settlement negotiations, nor did he ever tell them he was just protecting the interests of Acceptance during settlement negotiations. Lazzarini testified in deposition that the purpose of settling the first two causes of action was to allow Acceptance to withdraw from the case.

Indeed, Acceptance did withdraw its defense upon conclusion of the partial settlement. Novak defended the remainder of the action at his own expense. The matter went to arbitration, with an arbitration award of $63,702 entered against Novak. Novak could not pay the award and continue defending the action, so he settled.

Novak sued Acceptance, LBL and Lazzarini on numerous causes of action. As against LBL and Lazzarini, Novak alleged respondents negligently and/or fraudulently negotiated a partial settlement to Novak's detriment. Respondents moved for summary judgment; Novak moved for summary adjudication requesting determination that respondents owed him a duty of care. The trial court granted summary judgment in favor of respondents. This appeal followed.

## II. DISCUSSION

### A. *Introduction*

 A defendant moving for summary judgment must demonstrate that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (*o*)(2).) It is then up to the plaintiff to show that a triable issue of material fact exists as to that cause of action or defense. (*Ibid.*) We undertake an independent review of the decision of the trial court to grant summary judgment. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].)

The trial court decided the cross-motions for summary judgment and adjudication on the basis of whether LBL owed Novak a legal duty. Among other theories, Novak argues that LBL had a statutory duty to fully disclose to Novak the facts and circumstances of the settlement negotiations. On the other hand, LBL has consistently argued that it was retained to represent the interests of Acceptance, and only Acceptance, in the Valley Vista matter. That being the case, there could be no duty owed to Novak and there ends the matter according to LBL. Not so.

B. *Analysis*

*San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 375 [208 Cal.Rptr. 494, 50 A.L.R.4th 913] (*Cumis*) articulates the responsibility of an insurer to pay the reasonable cost for hiring independent counsel by the insured when the insured and insurer have divergent interests brought about by the insurer's reservation of its right to deny coverage. Section 2860 codifies this holding. ■ Under the statute, an insurer must provide independent counsel to represent the insured when a conflict of interest exists between the insured and the insurer. (§ 2860, subd. (a).) Such a conflict of interest may arise when the insurer reserves its rights on a particular issue and the outcome of the coverage issue can be controlled by the way counsel defends the case. (*Western Polymer Technology, Inc. v. Reliance Ins. Co.* (1995) 32 Cal.App.4th 14, 21 [38 Cal.Rptr.2d 78]; see § 2860, subd. (b).) ■ In this case, Acceptance reserved its right to seek reimbursement for defense of the third through fifth causes of action and paid for Novak's defense by independent counsel up through the time of the partial settlement. The letter from Acceptance spelling out its agreement to pay for independent counsel specifically invoked section 2860.

Subdivision (f) of section 2860 states: "Where the insured selects independent counsel pursuant to the provisions of this section, *both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation.* Counsel shall cooperate fully in the exchange of information that is consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of his or her duty to cooperate with the insurer under the terms of the insurance contract." (Italics added.)

Here, everything went according to section 2860 until the time of settlement: Attorney Kuns was appointed as independent counsel; payment terms were agreed upon; Kuns and Lazzarini of LBL discussed coverage matters, as well as the facts of the underlying case; and Kuns provided Lazzarini with a letter referenced in the underlying complaint.

Then, inexplicably, respondents began acting outside section 2860 as Lazzarini proceeded to clandestinely settle the first two causes of action with counsel for Valley Vista.

Respondents rely on *Lysick v. Walcom* (1968) 258 Cal.App.2d 136, 150 [65 Cal.Rptr. 406, 28 A.L.R.3d 368] (*Lysick*) to bolster their argument that they owed no duty to the insured when negotiating settlement of the insured's claims because the firm was hired to represent only the insurer. They

quote the following passage: "*Accordingly*, where the attorney *properly* represents only the insurance company in the matter of settlement, it is his duty to protect the interests of the insurance company in that respect including protection against liability for failure to discharge its duties to the insured. In such a situation, if the attorney fails to give proper consideration to the interests of the insured in his recommendations with respect to the settlement of the case and the insurance company acts upon that recommendation causing loss to the insured, there is no cause of action against the attorney because he owes no duty in that respect to the insured. In that case the insured's cause of action is only against the insurance company." (*Lysick, supra*, at p. 150, italics added.)

The problem with respondents' thesis is twofold. First, they distort the holding of *Lysick*. Context is everything. As we explain, the words "accordingly" and "properly"—emphasized above—clue us in to what is missing from respondents' quotation, namely the preceding text which expounds the circumstances under which an attorney may "properly" act only for the insurer in the matter of settlement.

*Lysick* involves a minor variation[2] of the classic tripartite relationship between insurer, insured and the attorney hired by the insurer to defend a claim. As the court in *Lysick* points out, "in such cases the attorney represents two clients, the insured and the insurer, and he owes to both a high duty of care . . . ." (*Lysick, supra*, 258 Cal.App.2d at p. 146.) And, when the two clients have divergent or conflicting interests in the same subject matter, the attorney has a duty to disclose "all facts and circumstances" which, in the reasonable attorney's judgment "are necessary to enable his client to make free and intelligent decisions regarding the subject matter of the representation." (*Id.* at p. 147, citing *Lucas v. Hamm* (1961) 56 Cal.2d 583, 591 [15 Cal.Rptr. 821, 364 P.2d 685].) Consequently, if the attorney "attempts dual relationship without making the full disclosure required of him, he is civilly liable to the client who suffers loss caused by lack of disclosure." (*Lysick, supra,* at p. 148.)

The court in *Lysick* goes on to point out that the duty of an attorney hired to represent both the insurer and the insured is commensurate with the scope of the employment. In other words, the attorney may be employed for all purposes with respect to the claim, or only for defense in court. (*Lysick, supra*, 258 Cal.App.2d at p. 149.) Thus, the parties "may create a relationship under which the attorney has no duty to the insured in the matter of settlement. In such a situation, . . . the settlement decision has no significance between the insured and the attorney who is representing the defense

---

[2]The insured in *Lysick* died in the accident triggering the insurance claim and thus the insured's estate was the client.

in court. It is essential in such case, however, that the parties clearly understand that the client-attorney relationship does not extend to the matter of settlement, and if circumstances indicate that the insured may be misled, the attorney has the duty to make it clear to the insured that he represents only the company with respect to settlement."[3] (*Id.* at pp. 149-150.)

Second, although the instant relationship was not a tripartite, *Lysick*-type relationship, LBL did not "properly" represent only Acceptance during the settlement process because the covert settlement was negotiated without the knowledge or participation of independent counsel, as required by section 2860, subdivision (f).[4] Generally speaking, when the parties are operating under section 2860 the various disclosures recommended in *Lysick*—including the disclosure that counsel is representing only the insurance company in the matter of settlement—would be unnecessary because the insured is protected by independent counsel every step of the way. The section 2860 equilibrium is shattered when counsel provided by the insurer shuts the independent counsel out of the process.

Respondents insist that upon close scrutiny, section 2860, subdivision (f) "simply does not apply" and thus they had no duty to disclose the pending settlement. According to respondents, subdivision (f) "contemplates an arrangement where the insured is represented both by insurer provided counsel and independent personal counsel. In this case, LBL was retained to represent Acceptance alone, and not Novak."

This is an amazing proposition. First, respondents apparently forget that the claims examiner for Acceptance agreed to the employment of independent counsel *pursuant to section 2860,* specifically citing subdivision (c) of that section in his request that Attorney Kuns "provide us with adequate proof of your errors and omissions coverage." Second, contrary to respondents' assertion, subdivision (f) of section 2860 does not qualify the nature

---

[3]As one commentary has indicated, this "quotation has limited application once a lawsuit is filed. It is doubtful that defense counsel representing the insured in a court proceeding could effectively 'withdraw' from representing the insured during settlement negotiations without leave of court to do so; settlement negotiations are recognized to be a critical stage of the proceedings." (Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 1999) ¶ 7:852.1, p. 7B-70.10.)

[4]In addition to the section 2860 duty, Novak has argued that respondents owed him a duty of care under the multicriteria analysis developed in *Biakanja v. Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358] and *Lucas v. Hamm, supra,* 56 Cal.2d 583. But for the appointment of independent counsel and the triggering of section 2860, we would analyze this case under general tort law principles. However, given that we are in the section 2860 mode, with *Cumis* counsel appointed to independently protect the rights and interests of the insured, the duty of insurer-provided counsel becomes that of sharing information and affording independent counsel the opportunity to participate in all aspects of the litigation. (§ 2860, subd. (f).)

of the relationship between insurer-provided counsel and the insured. There is no way out of the subdivision (f) duty to cooperate and allow participation in all aspects of the litigation once independent counsel has been selected. It matters not if counsel provided by the insurer characterizes himself or herself as representing only the insurer or as assuming some sort of quasi-dual representation role. Subdivision (f) prescribes the protocol for operating when independent counsel has been selected. That protocol mandates that *both* counsel be allowed to participate in all aspects of the litigation and that counsel cooperate fully in the exchange of information consistent with his or her obligation to the insured.

It was respondents' burden, as defendants moving for summary judgment, to defeat one or more elements of plaintiff's cause of action. (Code Civ. Proc., § 437c, subd. (*o*)(2).) Respondents have not defeated the duty element because they cannot escape their statutory duty under section 2860, subdivision (f). That duty clearly applied and was breached.[5]

However, we are mindful that Novak must still prove causation and damages. In attempting to prove these elements Novak must take account of the reality that although independent counsel controls the insured's defense, that control does not extend to preventing the insurer from exercising its contractual right to settle claims. (*Western Polymer Technology, Inc. v. Reliance Ins. Co., supra,* 32 Cal.App.4th at p. 22.)

Nevertheless, settlement negotiations *are* a critical stage of any proceeding. Novak and his attorney were not apprised of these negotiations and thus had no opportunity to impact settlement through the exchange of information or otherwise or to protect Novak's interests in light of the proposed dismissal of the first two causes of action. For example, Novak could have attempted to finish discovery prior to settlement, effect a global settlement of the entire action or seek declaratory relief as to whether Acceptance could withdraw its defense upon a partial settlement. Novak has also asserted various ways in which the settlement worked more harm than good, including loss of insurance protection and defense to the remaining causes of action. As well, the settlement provided Valley Vista with financing to aggressively prosecute the remaining causes of action. Further, Novak contends the first two causes of action were completely devoid of merit, and thus their dismissal precluded pursuit of a suit for malicious prosecution as to those claims. All of these factors bear on the factual issues of causation and damages, which remain for determination at trial.

---

[5]Similarly, it was Novak's burden, as plaintiff moving for summary adjudication on the issue of duty, to "completely dispose[] of" the issue of duty. (Code Civ. Proc., § 437c, subd. (f)(1).) That he did.

## III. DISPOSITION

We reverse the judgment with instructions to enter an order granting summary adjudication that the issue of respondents' duty under section 2860, subdivision (f) has been established. (Code Civ. Proc., § 437c, subd. (m)(1).)

Poché, Acting P. J., and Sepulveda, J., concurred.

A petition for a rehearing was denied January 20, 2000, and respondents' petition for review by the Supreme Court was denied March 22, 2000.