**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE YAU; JOANNE ANDERSON; ANGELA BROWN; RICHARD APOSTOLOS; STEVE BURKE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,<br><br>        Defendant,<br><br> and<br><br>AURORA LOAN SERVICES, LLC, Inclusive,<br><br>        Defendant - Appellee. | No. 11-57209<br><br>D.C. No. 8:11-cv-00006-JVS-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 6, 2013
Pasadena, California

Before:  NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

In this case, a group of financially distressed home mortgagors accuse a Aurora Loan Services, LLC, a mortgage servicer, of offering them the illusory relief of a loan modification—illusory because the mortgagors, try as they might, could never actually obtain the modification, and in the meantime accumulated such arrearages that they ended up worse off than if they had never sought a modification at all.  But in five attempts, the mortgagors failed almost entirely to turn that general accusation into viable claims for relief, as the district court dismissed their complaint (with leave to amend), their first amended complaint (for the most part, with leave to replead), their second amended complaint, and their third amended complaint—and then denied them leave to file a fourth amended complaint.

Owing to the mortgagors' procedural missteps in the district court, we must pick through a bramble of side issues before tackling the heart of this appeal.  After doing so, we are left to resolve two basic issues:  (1) whether the district court erred in dismissing a breach of contract claim premised on a breach of the terms of a deed of trust to which Aurora was only arguably a party; and (2) whether the

2

district court erred in denying the mortgagors leave to add a claim that Aurora negligently processed their loan modifications. As discussed below, we affirm the district court's judgment as to the first issue, reverse as to the second, and remand for further proceedings.

First, we address whether Eddie Yau is properly a party to this appeal. The answer: no. The mortgagors' counsel failed to include Yau in the notice of appeal, and instead—months later—filed an amended notice of appeal adding Yau. That was a grievous misstep, because the failure to include a party in a *timely* notice of appeal is fatal to our ability to exercise jurisdiction over that party. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314–15, 317 (1988); *Le v. Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009).

Next, we address the question whether the mortgagors abandoned their argument that Aurora breached contracts contained in their temporary payment plan agreements in favor of the argument that Aurora breached contracts contained in the mortgagors' trust deeds. We recently held that "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Here, the

3

mortgagors avoided dismissal with prejudice of their claim that Aurora breached the terms of their temporary payment plan agreements by representing to the district court that their breach of contract theory was based instead on terms contained in their trust deeds. By changing theories voluntarily rather than accepting an appealable dismissal with prejudice, the mortgagors abandoned their original theory—that Aurora's alleged breach of contract was premised on a violation of the terms of their temporary payment plan agreements—in favor of the theory that their deeds of trust imposed some contractual duties on Aurora, which Aurora breached.

Likewise, the mortgagors abandoned their claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, when they failed to plead it in their third amended complaint. While the district court nominally dismissed the mortgagors' UCL claim with prejudice, the prejudice was no prejudice at all, because the district judge expressly allowed the mortgagors to replead a UCL claim so long as they either pleaded a breach of contract claim that could serve as a predicate violation for the UCL, or obtained leave to plead some other predicate act.

We thus turn to the first question properly before us on appeal. In granting Aurora's motion under Federal Rule of Civil Procedure 12(b)(6), the district court

4

dismissed with prejudice the mortgagors' claim that Aurora breached a contractual duty contained in the mortgagors' deeds of trust. We review the district court's decision de novo, *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013), and conclude that it dismissed the claim appropriately. First, we note that the mortgagors did not even argue in their opening brief that this claim was dismissed incorrectly, instead arguing only over the breach of contract theory they abandoned below. That alone is enough for us to resolve this issue in Aurora's favor. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."). Nevertheless, even if we consider the mortgagors' argument regarding their breach-of-the-trust-deed theory, and even assuming Aurora is a party to the deeds of trust at issue—a question upon which we need not opine—the mortgagors failed to identify a single term in the deeds that Aurora breached.

Instead, the mortgagors made allegations that suggest a claim for a breach of the covenant of good faith and fair dealing, *e.g.*, "Aurora's failure to perform its duties as impliedly promised under the deed of trust (e.g., to act fairly, competently, honestly and in a timely manner) after undertaking the task of reviewing the plaintiffs for a loan modification . . . ." The mortgagors point to nothing in the deeds of trust, however, that would foist on Aurora any duties

5

whatsoever related to a loan modification. Attaching such duties to the deeds would augment or contradict their express terms—an outcome forbidden by California law. *See, e.g.*, *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." (internal quotation marks omitted)).

We therefore turn to the second, and final, issue before us: whether the district court erred in denying the mortgagors leave to add a negligence claim to their pleadings, after finding that amendment would be futile. We review the decision to deny a plaintiff leave to amend for an abuse of discretion, *Hartmann*, 707 F.3d at 1129, though if the decision was premised on the futility of the amendment, we review de novo the question whether the amendment would actually have been futile, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Relying on the "general rule" in California that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096

6

(1991); *see also Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 206 (2012), the district court concluded that it would be futile to allow the mortgagors to plead a negligence claim against Aurora for its handling of their loan modification applications. We observe, however, that the California courts of appeal appear to be of two minds on the application of that general rule in cases involving offers of loan modifications handled negligently. At least one has instead applied the six-factor test outlined in *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958) to determine whether a lender or loan servicer owes a duty of care to a borrower in the same position as these mortgagors allegedly find themselves. *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 898–906 (2013); *but see Ragland*, 209 Cal. App. 4th at 206. We note that the district court did not have the benefit of the *Jolley* decision when it denied the mortgagors' motion for leave to amend. Because the mortgagors' proposed negligence claim would not have been futile, we reverse and remand for the district court to evaluate, consistently with this memorandum, the mortgagors' request for leave to add a negligence claim. We deny the pending emergency motion for an injunction pending appeal (Doc. No. 32), and lift the temporary stay of foreclosure. The parties shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

7

*Yau v. Deutsche Bank National Trust Co. Americas*, No. 11-57209

MURGUIA, Circuit Judge, dissenting in part:

I agree with my colleagues, save for one point: I disagree with their decision to remand this case to the district court to consider anew whether the mortgagors may add a claim for negligence to their pleadings. While I agree with the majority that such a claim might not be futile, I would nevertheless affirm the district court on the basis that the mortgagors, afforded several opportunities to plead their claim properly, have failed to do so repeatedly.[1] *See Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011) ("Plaintiffs had three bites at the apple, and the court acted well within its discretion in disallowing a fourth."); *see generally Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (observing that we may uphold the district court's ruling on any basis supported by the record). I therefore dissent, respectfully, from the portion of the ruling remanding this case to the district court on the question of the mortgagors' leave to amend.

---

[1] My disagreement with the majority should not be read as a comment on the viability of a properly pled negligence claim in this case. It should, however, be read as an expression of my concern that the mortgagors will not plead the claim properly. My fear, confirmed by counsel's mea culpa at argument, is that the mortgagors' counsel is ill-equipped to deal with a putative class action the size and scope of the one pled here. Nevertheless, the majority has given the mortgagors another opportunity to proceed with their case. I therefore recommend, consistently with the California Rules of Professional Conduct, that if their counsel is not prepared to handle a case of this magnitude, she associate with a lawyer, or lawyers, who can.