**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign corporation, and MID-CENTURY INSURANCE COMPANY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SIMPLEX GRINNELL, L.P., a limited partnership, <br><br> Defendant - Appellee. | No. 13-15753 <br><br> D.C. No. 4:12-cv-00567-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted June 8, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and RAKOFF,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

We hold that Simplex Grinnell, LP ("Simplex") owed a duty of care to the owner and tenant of the University of Sports ("UoS") facility and that the "completed and accepted" doctrine does not bar this insurance subrogation suit.

**1.** Simplex owed a duty of reasonable care to El Capitan Investments, LLC ("El Capitan"), the owner of the UoS facility, and University of Sports, LLC, its tenant. The district court held that Simplex was not a "design-builder" and did not owe plaintiffs a duty of care under *Biakanja v. Irving*, 320 P.2d 16 (Cal. 1958), which established a multi-factor test for determining when a defendant may be liable to a party not in privity. *Id.* at 19. Courts analyze the *Biakanja* factors on a case-by-case basis, but "it is possible to derive general rules that govern common scenarios." *Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 327 P.3d 850, 857 (Cal. 2014).

This case falls closely under the reasoning of the California Supreme Court's recent decision in *Beacon*. There, applying *Biakanja*, the court held that architects who had provided services to an apartment development owed a duty of care to a homeowners association and its members—subsequent purchasers of condominiums in the development with whom the architects were not in privity. *Id.* at 852, 857, 859. As the court explained, California case law establishes that architects, engineers, and other "design professionals" who act negligently in the

exercise of their specialized services may be liable when their negligence causes personal injury or property damage to owners and third parties. *Id.* at 855. They owe duties of care not only to current owners, *see Stewart v. Cox*, 362 P.2d 345, 347–48 (Cal. 1961), but also to future owners and other parties who would foreseeably be harmed by negligence in construction. *See Beacon*, 327 P.3d at 854; *Sabella v. Wisler*, 377 P.2d 889, 893 (Cal. 1963) (future homeowners); *Stewart*, 362 P.2d at 348 (neighbors).

The parties stipulated that Simplex acted as the "design-builder of the sprinkler system." The general contractor, Zak's Enterprises, and original owner, Bishop & Bishop Land, relied at least in part on Simplex's design and implementation of the sprinkler system, even if the general contractor or owner could have rejected Simplex's design. *See Beacon*, 327 P.3d at 859. *Beacon* suggests that Simplex therefore owed a duty of care in its design and implementation of the sprinkler system both to current and future owners and to tenants who, like the neighbors briefly alluded to in *Stewart*, belong to the class of third parties who would foreseeably suffer injury from the failure of a sprinkler. Simplex owed these duties even though it was engaged as a subcontractor, *see Stewart*, 362 P.2d at 348, and served as design-builder for the sprinkler system rather than for the facility as a whole, *see Beacon*, 327 P.3d at 854.

Simplex argues that any fault in its sprinkler system was actionable only in contract, not in tort. California law is clear, however, that a subcontractor may be liable in tort for defective design or construction work. *See, e.g.*, *Beacon*, 327 P.3d at 854–55; *Stewart*, 362 P.2d at 348. The cases cited by the district court involve instances in which it was not clear that the claims were cognizable in tort at all. *See Aas v. Superior Court*, 12 P.3d 1125, 1130–31 (Cal. 2000) (negligence causing solely economic damage), *superseded by statute as stated in Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351, 356–57 (Cal. 2003); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 460–61 (Cal. 1994) (conspiracy to interfere with contract); *Mintz v. Blue Cross of Cal.*, 92 Cal. Rptr. 3d 422, 432 (Ct. App. 2009) (interference with contractual relations). Generally, California "tort law provides a remedy for construction defects that cause property damage." *Aas*, 12 P.3d at 1130.

**2.** The "completed and accepted" doctrine does not bar plaintiffs' suit against Simplex. The completed and accepted doctrine protects contractors from liability to third parties for injury or damage resulting from "patent" construction defects—those defects that an owner knew or should have known about—in the contractors' completed and accepted work. *Neiman v. Leo A. Daly Co.*, 148 Cal. Rptr. 3d 818, 823 (Ct. App. 2012). The completed and accepted doctrine,

however, bars liability only to third parties, not owners. *Jones v. P.S. Dev. Co., Inc.*, 82 Cal. Rptr. 3d 882, 891–92 (Ct. App. 2008), *disapproved on other grounds*, *Reid v. Google, Inc.*, 235 P.3d 988, 1001 n.7 (Cal. 2010). Nor does the completed and accepted doctrine bar suit by third parties to whom a duty is owed under the *Biakanja* factors. *See id.* at 892.

In addition, the completed and accepted doctrine does not bar suit here because the defect in question was not "patent." "In the context of a patent defect, the word 'patent' 'refers to the patency of danger and not merely to exterior visibility.'" *Sanchez v. Swinerton & Walberg Co.*, 55 Cal. Rptr. 2d 415, 421 (Ct. App. 1996) (quoting *Halliday v. Greene*, 53 Cal. Rptr. 267, 271 (Ct. App. 1966)). Neither the stipulated fact that a soccer ball had previously struck a guarded sprinkler head, causing some water discharge, nor the conclusion that the absence of a protective net was "obvious to anyone who looked up at the ceiling of the UoS soccer facility," necessarily renders "patent" the risk that a soccer ball would strike a guarded sprinkler head and cause catastrophic damage. If UoS and El Capitan knew that the head guards were inadequate to guard the sprinklers against a risk of serious flooding, that knowledge might constitute a supervening cause or affect recovery under a theory of contributory negligence. But it would not imply that Simplex owed them no duty. *See Stewart*, 362 P.2d at 348–49.

**3.**  The district court held that Simplex had no duty to install stronger guards or recommend protective netting.  Whether Simplex should have installed stronger head guards or recommended installation of a protective net is relevant not to the existence of a duty but to whether that duty was breached.  Because the parties did not brief this issue below or on appeal, we do not address that issue here.

**REVERSED and REMANDED.**