

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOANNE ANDERSON, an individual in her own capacity and as heir to the Estate of ELLIOT BERD, now deceased; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, <br><br> Defendant, <br><br> and <br><br> AURORA LOAN SERVICES, LLC and NATIONSTAR MORTGAGE, LLC, <br><br> Defendants - Appellees. | No. 14-55822 <br><br> D.C. No. 8:11-cv-00006-JVS-RNB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Appellants in this putative class action are a group of financially distressed home mortgagors ("Mortgagors") who accuse mortgage servicers Aurora Loan Services, LLC ("Aurora") and Nationstar Loan Services, LLC ("Nationstar") of a range of unlawful behaviors related to offering loan modifications. Because the extensive factual and procedural history of this case is familiar to the parties and the court, we recount it only as is necessary to explain our disposition.

Mortgagors appeal from the district court's dismissal of their negligence-based claims against Aurora and their claim that Nationstar violated California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.Code § 1788.17. "We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)," *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and we AFFIRM.

1. Mortgagors contend that the district court erred by failing to find that California law imposes on a loan servicer a duty of care to process promptly a pending loan-modification application. Mortgagors maintain that, had the district court applied the factors set out in *Biakanja v. Irving*, 320 P.2d 16

(Cal. 1958), it would have been obliged to conclude that Aurora owed Mortgagors a duty of care in the processing of their loan-modification applications. We disagree.

Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991). The question of whether a lender owes a duty of care to a borrower-client is, however, subject to a balancing of the so-called *Biakanja* factors. *Id.* at 58. These factors include: "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Biakanja*, 320 P.2d at 19.

Although the California Supreme Court has not addressed the question of whether a loan servicer owes a common law duty to approve a loan modification

application within a particular time frame,[1] we conclude that application of the *Biakanja* factors does not support imposition of such a duty where, as here, the borrowers' negligence claims are based on allegations of delays in the processing of their loan modification applications. *See Alvarez v. BAC Home Loans Servicing, L.P.*, 176 Cal. Rptr. 3d 304, 308 (Cal. Ct. App. 2014); *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Cal. Ct. App. 2013).

Applying the *Biakanja* factors to the facts alleged here, we observe that the review and approval of a loan modification has significant implications not just for the borrower, but also for the lender. Additionally, harm to the borrower as a result of an extended review period, while foreseeable, is neither certain nor primarily attributable to the lender's delay in the processing of the application. Rather, when, as here, "the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, [is] not . . . closely connected to the lender's conduct." *Lueras*, 221 Cal. Rptr. 4th at 820. Similarly, when "the lender did not place the borrower in a position creating a need for a loan modification, [] no moral blame . . . attache[s] to the lender's conduct." *Id.* As a result, the last of the enumerated *Biakanja* factors, the

---

[1] We decline to certify this question to the Supreme Court of California, Cal. R. Ct. 8.548, as it seems clear that the California Supreme Court is aware of the emergence of this issue, but has not indicated a readiness to address it.

policy of preventing future harm, is not implicated under these circumstances.

Accordingly, the district court did not err in dismissing Mortgagors' negligence-based claims for failure to allege facts giving rise to a common law duty of care.

2. To the extent that Mortgagors assert a challenge to the district court's denial of their request for leave to amend to add a negligent misrepresentation claim, we affirm the district court's ruling. The district court did not abuse its discretion in considering Mortgagors' undue delay in bringing such a claim in this protracted litigation. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (explaining that "discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend").

3. Because we affirm the dismissal of Mortgagors' negligence-based claims, we do not reach the issue of whether those claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*

4. Mortgagors' Rosenthal Act claim concerns a debt validation notice dated July 15, 2012, which Nationstar sent Mortgagors in a packet containing two other documents. Mortgagors have not adequately alleged that sending the debt validation notice constituted the type of abusive debt collection practice that is subject to the Rosenthal Act.

Mortgagors' argument that the debt validation notice violates *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005), is also unavailing because Mortgagors raise it for the first time on appeal. Mortgagors have not identified any "exceptional circumstances" that would warrant a favorable exercise of our discretion to consider it, and we decline to do so. *Mano–Y & M, Ltd. v. Field* (*In re Mortgage Store, Inc.*), 773 F.3d 990, 998 (9th Cir. 2014).

**AFFIRMED.**