Mauro, Acting P. J., Concurring.
I agree with the majority opinion in all respects except for part II. F. of the Discussion pertaining to negligence. As to that part, I concur in the ultimate conclusion-that Rossetta has stated a cause of action for negligence-but I write separately because I believe a lender's mere receipt or review of a borrower's loan modification application is not enough to create a changed relationship that may give rise to a tort duty of care. More is required to impose a tort duty on a lender.
Rossetta alleges in her second amended complaint that CitiMortgage negligently mishandled her loan modification applications. As the majority opinion explains, the elements of a cause of action for lender negligence begin with whether the lender had a duty to exercise due care. (See Merrill v. Navegar, Inc. (2001) 26 Cal.4th 465, 500, 110 Cal.Rptr.2d 370, 28 P.3d 116.) (Maj. opn., ante , at p. 31.)
This court has recognized the long-standing general rule that "a financial institution *612 owes no duty of care to a borrower when the institution's *646 involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." ( Nymark v. Heart Fed. Savings & Loan Assn. (1991) 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 ( Nymark ).) In Nymark , this court explained: " 'Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise "beyond the domain of the usual money lender." ' [Citations.]" ( Ibid ., quoting Wagner v. Benson (1980) 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 ; see also Connor v. Great Western Sav. & Loan Assn. (1968) 69 Cal.2d 850, 864, 73 Cal.Rptr. 369, 447 P.2d 609 ["Great Western became much more than a lender content to lend money at interest on the security of real property. It became an active participant in a home construction enterprise."].) Although courts have since sought to clarify the Nymark holding (see, e.g., Jolley v. Chase Home Finance, LLC (2013) 213 Cal.App.4th 872, 901, 153 Cal.Rptr.3d 546 ( Jolley ) ["the no-duty rule is only a general rule"] ), there remains a recognition that something beyond the scope of conventional lending must occur to move a lender's contractual relationship with the borrower into the realm of tort responsibility.
Based on Rossetta's well-pleaded allegations, which we must accept as true in reviewing an order sustaining a demurrer without leave to amend ( People ex rel. Lungren v. Superior Court (1996) 14 Cal.4th 294, 300, 58 Cal.Rptr.2d 855, 926 P.2d 1042 ), I agree with the majority that CitiMortgage engaged in acts and omissions that went beyond the scope of conventional lending, thereby giving rise to a duty of due care in this case. But I do not agree that a lender's mere receipt or review of a borrower's loan modification application creates a changed relationship that may give rise to a tort duty of care. (Cf. Maj. opn., ante , at p. 605 ["courts are divided on the question of whether accepting documents for a loan modification is within the scope of a lender's conventional role as a mere lender of money, or whether, and under what circumstances, it can give rise to a duty of care with respect to the processing of the loan modification application."]; 35 [describing the decision in Alvarez v. BAC Home Loans Servicing, L.P. (2014) 228 Cal.App.4th 941, 176 Cal.Rptr.3d 304 to hold that "when a lender agrees to consider a borrower's application for a loan modification, the Biakanja factors weigh in favor of imposing a duty of care"]; 35 ["we are persuaded by the reasoning in Alvarez ."]; 36 ["we are convinced that a borrower and lender enter into a new phase of their relationship when they voluntarily undertake to renegotiate a loan"]; ["we conclude that the change in the parties' relationship can and should be factored into our application of the Biakanja factors"].) Rather, I believe the lender's willingness to receive or review a loan modification application is more like a nonbinding "invitation to treat" in contract law. As the majority acknowledges, the lender has no duty to offer or approve a loan modification ( Lueras v. BAC Home Loans Servicing, LP (2013) 221 Cal.App.4th 49, 68, 163 Cal.Rptr.3d 804 ( Lueras );
*647 Jolley, supra, 213 Cal.App.4th at p. 903, 153 Cal.Rptr.3d 546 ) and no duty to act on the loan modification application in any particular time frame. ( Anderson v. Deutsche Bank Nat'l Trust Co. Ams. (9th Cir. 2016) 649 Fed.Appx. 550, 552.) (Maj. opn., ante , at pp. 605-06.) Thus, although there is a split in authority as described in the majority opinion, I agree with the decisions holding that when a lender receives or reviews a loan modification application, without more, it is acting within its conventional role and owes no duty of care to the borrower. ( Marques v. Wells Fargo Bank, N.A. (N.D.Cal. Oct. 13, 2016, No. 16-cv-03973-YGR), 2016 WL 5942329, *8 ;
*613 Garcia v. PNC Mortgage (N.D.Cal. Sept. 16, 2015, No. 14-cv-3543-PJH), 2015 WL 5461563, *3 ; Hernandez v. Select Portfolio, Inc. (C.D.Cal. June 25, 2015, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, *22 ; Lueras, supra, 221 Cal.App.4th at p. 67, 163 Cal.Rptr.3d 804.)
Here, however, Rosetta alleges CitiMortgage did more than merely receive or review her loan modification applications. She alleges CitiMortgage refused to consider her for a loan modification unless she was three months behind in her mortgage payments, required her to submit duplicate or nonexistent documents, lost or mishandled her documents, and misstated the status of her applications, causing her damages. Under the circumstances, Rossetta states a cause of action for negligence.